IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER AMBLER, SR., and MARITZA AMBLER, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the ESTATE OF JAVEIR AMBLER, II, and as next friends of J.R.A., a minor child; and MICHELE BEITIA, as next friend of J.A.A., a minor child, | § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | Civil Action No. 1:20-cv-1068-LY |
| v. | | |
| WILLIAMSON COUNTY, TEXAS | | |
| Defendant. | | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXHIBIT A

Plaintiffs respectfully request the Court strike Defendant's Exhibit A, filed in support of Defendants' motion for dismissal. Defendant's request for this Court to take judicial notice of a highly edited Exhibit A, containing no sound, is inappropriate and should be stricken.

### I.    SUMMARY OF THE ARGUMENT

Defendant asks this Court to take judicial notice of City of Austin bodycam video, attached to its motion to dismiss as Exhibit A, because, having been posted by a news station, the footage now allegedly "a matter of public record" and central to Plaintiffs' claims. (Dkt. 13, p. 3 n.1). Plaintiffs oppose judicial notice of the video provided by Defendant.

The Court should strike Defendants' Exhibit A and discussion of the same in their motion, for two reasons:

First, the video is missing the audio component which is central to Plaintiffs' claims and thus is inauthentic under Federal Rule of Evidence 901; and,

Second, the video is not the type of public information that can be judicially recognized under Federal Rule of Evidence 201(b).

Accordingly, the Court should strike Exhibit A, because it is incomplete and cannot be judicially noticed. Noticing Exhibit A, in its present form, would only unfairly prejudice Plaintiffs in litigating their claims – especially as Defendant's policymaker, Sheriff Robert Chody, is also currently under indictment for his role in destroying other video recordings of his deputies killing Javier Ambler, II.[1]

## II.   FACTUAL BACKGROUND

On October 25, 2020, Plaintiffs filed their Complaint alleging *Monell* and Americans with Disabilities Act liability against Defendant Williamson County. On December 8, 2020, Defendant filed its Rule 12(b)(6) Motion to Dismiss with Exhibit A attached. Defendant Williamson County requested the Court take Judicial Notice of Exhibit A.

However, Exhibit A contains incomplete video footage of the March 28, 2019 incident where Defendant's deputies killed Plaintiffs' decedent, Javier Ambler, II. Simply, Exhibit A is an incomplete copy of said video footage. The complete video, without editing out the sound, can be found and reviewed where KVUE and the Austin American Statesman posted it in its

---

[1] Tony Plohetski, *Williamson County Sheriff Robert Chody Indicted in Javier Ambler Case*, AUSTIN AMERICAN STATESMAN, Sept. 28, 2020.

entirety on YouTube.[2] In contrast, Exhibit A is heavily redacted, edited, and sound is cut entirely from the footage – the sound that allows any viewer to hear Ambler repeatedly beg "I can't breathe" while Defendant's deputies brutalize him.

### III.   ARGUMENT

Defendant's Exhibit A should not be judicially noticed for the purposes of the pending motion to dismiss and should instead be struck. Plaintiffs oppose judicial notice of Defendant's Exhibit A for the purposes of this motion to dismiss because it is missing the audio component central to Plaintiffs' claims.

On a Rule 12(b)(6) motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER FED. PRAC. & PROC. § 1357 (3d ed. 2004 and Supp. 2007)). "In ruling on a Rule 12(b)(6) motion, the court is required to consider acts alleged in the operative complaint and 'written instruments' attached to it." *Allen v. Hays*, 812 Fed. Appx. 185, 189 (5th Cir. May 5, 2020) (unpublished) (citing FED. R. CIV. P. 10(c); *Scanlon v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). In addition, the Court "may further consider documents attached to the Rule 12(b)(6) motion 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Id.* (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

---

[2] *Police Body-cam Footage: Javier Ambler's Fatal Encounter with Williamson County Sheriff's Deputies*, YOUTUBE.COM, June 8, 2020, https://www.youtube.com/watch?v=SdTQloYC9_k.

To begin with, there is reasonable dispute regarding the completeness of the video provided, given that an entire component – the audio – is obviously missing. A court in its discretion can disregard an incomplete exhibit attached to a motion to dismiss. *O'Malley v. Brown Bros. Harriman & Co.,* 2020 WL 1033658, at *4 (W.D. Tex. Mar. 3, 2020). *See also Wilhite v. Texas Dep't of Family & Protective Servs.,* No. CV H-18-866, 2020 WL 854243, at *3 (S.D. Tex. Jan. 27, 2020), *report and recommendation adopted*, No. CV H-18-866, 2020 WL 838539 (S.D. Tex. Feb. 19, 2020) ("When the extra-pleading material is lacking in completeness, the court is more likely to reject it.").

Although the visual component of the bodycam footage is important (though the County has heavily edited that as well, by placing black boxes consistently over portions of the frame), the dialog between Ambler and the deputies is central to Plaintiffs' claim because it shows that Ambler was not attempting to resist arrest, was trying to comply with the deputies' commands, and informed the deputies that he was a person with disabilities (to the extent the officers did not already know that he was obese). See Doc. 1, ¶¶ 150, 154, 161, 163, 165-178, 181-187, 241. These allegations are important elements of an excessive force claim and Plaintiffs' ADA claim, and go to the heart of whether Defendant is liable under the ADA or *Monell*, but are entirely missing from the video Defendant attached as Exhibit A. Any video incorporated by reference into Plaintiffs' complaint would necessarily include Ambler's pleas with the deputies that are quoted extensively in the complaint. As the incomplete video provided by Defendant does not contain the audio component of the bodycam footage, it is therefore altered and not referenced in Plaintiffs' complaint. Thus, it is outside the pleadings and the Court should strike it from the record.

Moreover, if "matters outside the pleadings are presented to and not excluded by the court" while ruling on a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. PROC. 12(d). By asking this Court to take judicial notice of Exhibit A, Defendant is urging this Court to disregard Plaintiffs' pleadings and rely solely on Exhibit A to determine whether Plaintiffs have adequately stated a claim. Specifically, Defendant argues that even if the ADA applied, "publicly available body camera footage from the Austin Police Department … depicts that deputies used two (2) handcuffs… to accommodate Ambler's size when restraining him." Doc. 13, p. 3. In essence, Defendant requests this Court to weigh the credibility of evidence without providing a complete version of Exhibit A, going as far to suggest any allegations not depicted in the edited and redacted Exhibit A should not be considered by this Court. (This, of course, is especially audacious in light of Sheriff Chody's indictment for his role in the presumed destruction of other, more complete video evidence). The missing audio component of Exhibit A, would demonstrate, at the very least, that Ambler attempted to inform the deputies of his disabilities, that he could not breathe, and that any accommodations the deputies did provide him were insufficient (and thus unreasonable).

Defendant further attempts to use the video to undermine Plaintiffs' pleading regarding municipal liability under *Monell*. (Dkt. 13, p. 7). *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (discussing summary judgment, not the sufficiency of pleadings) (emphasis added). "[T]he standard imposed by the Supreme Court is a demanding one: a court should not discount the nonmoving party's story unless the video evidence provides so much clarity that a reasonable

jury could not believe his account." *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018) (finding that body cam footage recording some – but not all – of what transpired during use of force did not provide clarity necessary to resolve factual disputes). Here, the bodycam footage does not blatantly contradict Plaintiffs' version of events. Indeed, similar to *Darden*, the bodycam footage in Defendant's Exhibit A shows some, but not all, of the encounter between Ambler and Deputies Johnson and Camden (while the video that Sheriff Chody allegedly destroyed likely shows much more). The audio component, missing from Exhibit A, would show that Ambler informed the deputies he could not breathe, had congestive heart failure, was not trying to resist, and was attempting to comply with the deputies' commands.

Second, the contents of the video are not appropriate for judicial notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); FED. R. EVID. 201(b) cmt. Sub. (b) ("the tradition has been one of caution in requiring that the matter be beyond reasonable controversy"). *See Weaver v. U.S.*, 298 F.2d 496, 499 (5th Cir. 1962) (matters typically judicially noticed include "boundaries of a nation, … location[s] of states and territories, the location of the boundaries of the state in which the court is sitting, of counties, district and townships"). Simply, the contents of Exhibit A – especially the propositions that Defendant relies on it for – are unlikely to be generally known within the territorial jurisdiction of this Court. As addressed previously, Exhibit A does not constitute information that can be readily determined to be accurate due to the incompleteness of the footage, and the outright omission of the audio.

Accordingly, Defendant's request that this Court take judicial notice of Defendant's altered video of the underlying incident is unsupported by any legal authority, wholly inappropriate, and the Court should strike Exhibit A from the record.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court strike Defendant's Exhibit A, in support of their motion for dismissal, and decline to consider the exhibit in resolving the motion.

Dated: December 22, 2020.

Respectfully submitted,

EDWARDS LAW

The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
Tel.   512-623-7727
Fax.   512-623-7729

By:   /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com
SCOTT MEDLOCK
State Bar No. 24044783
scott@edwards-law.com

ATTORNEYS FOR PLAINTIFFS JAVIER AMBLER, SR. MARITZA AMBLER AND J.R.A.

ROMANUCCI & BLANDIN, LLC

321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel:   (312) 458-1000

Fax:     (312) 458-1004

By___/s/ Antonio M. Romanucci___
Antonio M. Romanucci *(pro hac)*
(IL ARDC No. 6190290)
Bhavani Raveendran *(pro hac)*
(IL ARDC No. 6309968)
Ian P. Fallon *(pro hac)*
(IL ARDC No. 6332303)
aromannuci@rblaw.net
braveendran@rblaw.net
ifallon@rblaw.net

Attorneys for Plaintiff Michelle Beitia for J.A.A.

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the above has been filed using the Court's e-filing system and was provided to the following attorneys of record via electronic system:

By /s/   Jeff Edwards_____
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

By my signature below, I certify that I attempted to confer with counsel for Defendant by electronic mail on December 22, 2020. Defendant's counsel did not respond to the email, and are assumed to be opposed to the relief requested. Should Defendant's position become known to Plaintiffs' they will notify the Court.

By /s/   Scott Medlock_____
ATTORNEY FOR PLAINTIFFS

8