# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER AMBLER, SR., and MARITZA | § | |
| AMBLER, individually, on behalf of all | § | |
| wrongful death beneficiaries of JAVIER | § | |
| AMBLER, II, on behalf of the ESTATE OF | § | |
| JAVIER AMBLER, II, and as next friends of | § | |
| J.R.A., a minor child; and MICHELE BETTIA, | § | |
| as next friend of J.A.A., a minor child | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO 1:20-01068-LY** |
| | § | **JURY DEMANDED** |
| WILLIAMSON COUNTY, TEXAS, | § | |
| **Defendant.** | § | |

## DEFENDANT WILLIAMSON COUNTY'S
## RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXHIBIT A

Defendant WILLIAMSON COUNTY ("County") files this Response to Plaintiffs' Motion to Strike Defendant's Exhibit A ("Motion")[1] to address the factual inaccuracies and arguments raised therein, and in support thereof, would respectfully show the Court the following:

### I.    BACKGROUND AND SUMMARY OF ARGUMENTS

Plaintiffs' opposition to the County's Exhibit A to its Motion to Dismiss[2]—a fourteen (14)-minute body camera video made public by the Austin Police Department and posted on the internet by local news station Fox 7 Austin—is solely, based on the incorrect allegation that the video contains no audio and was "heavily edited" by the County. Prior to filing this Response, the undersigned counsel conferred with the Plaintiffs' counsel to inform them about the mistake, but they declined to withdraw their Motion.

---

[1]  Dkt. No. 14.
[2]  Dkt. No. 13.

As fully briefed below, the County's Exhibit A is unedited from its original source, central to Plaintiffs' claims (which they admit), and a matter of public record. For these reasons, the County respectfully requests that Plaintiffs' Motion be denied and that the Court consider the County's Exhibit A when ruling on its Motion to Dismiss.

## II.    FACTUAL BACKGROUND

Plaintiffs' Complaint[3] is replete with allegations about video recording(s) of the at-issue incident and statements made by Decedent Javier Ambler, II ("Ambler") and Williamson County Sheriff's Office Deputies JJ Johnson ("Deputy Johnson") and Zachary Camden ("Deputy Camden") during the incident. However, Plaintiffs do not claim to have been personally present during any part of Deputy Johnson and Deputy Camden's interactions with Ambler. Therefore, it is appropriate to infer that Plaintiffs relied on, at least in part, publicly available videos when preparing their Complaint.

One (1) such public video was posted on the website of local news station Fox 7 Austin.[4] The video is approximately fourteen (14) minutes in length and contains audio. The News Station claims that the footage is "body cam video from the Austin Police Department."[5] The video contains a time marker, and there does not appear to be any missing time between when the video clip begins and ends.[6] Early images in the footage contain a black box, which appears to block out images from the officer's in-vehicle laptop.[7] It is unknown who placed the black box in the footage.

---

[3] Dkt. No. 1.
[4] *See* Austin Police Department video of Javier Ambler Incident – 3/28/2019, FOX 7 NEWS www.fox7austin.com/video/692989 (last visited January 22, 2021).
[5] *Id.*
[6] *Id.*
[7] *Id.*

The County referenced this video in its Motion to Dismiss and included the News Station website address for the video.[8]  The County also provided courtesy copies of the video on a USB drive for the Court and all of Plaintiffs' counsel.[9]  The undersigned counsel also created and retained a copy of the USB drive for her records.  The video file on the undersigned counsel's USB contains audio and plays without issue.

Prior to filing their Motion to Strike, Plaintiffs did not reach out to the County to inquire if the video file was supposed to contain audio or to otherwise report any difficulties with playing the file or viewing the video on the provided website.[10]

Prior to filing this Response, the undersigned counsel informed Plaintiffs' counsel that the video file should contain audio, her own copy contains audio, and the video is still located at the provided website address and contains audio there as well.

### III.   ARGUMENTS & AUTHORITIES

#### A.   Plaintiffs' Opposition to the Video is Based on Incorrect Information

Plaintiffs argue that they "oppose judicial notice of Defendant's Exhibit A for the purposes of this motion to dismiss because it is missing the audio component central to Plaintiffs' claims."[11]  As discussed above, this premise is indisputably untrue.  Had Plaintiffs simply asked the County about the lack of audio in their copy, or even clicked the web link provided in the County's Motion to Dismiss, they would have learned that the video does in fact contain audio.  It is unknown why Plaintiffs did not take these steps, but instead searched the internet for other postings of the same

---

[8]  Mot. to Dismiss at 3, n.1.
[9]  *Id.*
[10]  Three (3) USB drives in total were provided to Plaintiffs' counsel, one (1) for each firm.  It is unclear whether all three (3) of the USB drives did not have audio.
[11]  Mot. to Strike at 3.

or similar footage to cite in their Motion.[12]   Therefore it is clear that the video relied on by the County in its Motion to Dismiss was not "heavily redacted or edited" by the County in any way.

As Plaintiffs' only stated basis for its opposition to the video has been discharged, it is proper for the Court to dismiss Plaintiffs' Motion.

## B.   The Court May Take Judicial Notice of the Video Because It is Central to Plaintiffs' Claims and Publicly Available

The Plaintiffs do not deny that, when ruling on a Rule 12 motion to dismiss, the Court "may further consider documents attached to the Rule 12(b)(6) motion 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claims.'"[13]   In fact, it is well settled that the Court may consider " (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion to dismiss that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record." *Ayala v. Aransas Cnty.*, No. 2:15-cv-335, 2018 WL 10373638, at *2 (S.D. Tex. Jan. 16, 2018) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

Here, Plaintiffs readily and repeatedly admit that the video—provided it has audio, which it does—"is central to Plaintiffs' claims."[14]   The County agrees that the video is central to Plaintiffs' claims because it provides one (1) officer's perspective of the incident at issue.

---

[12]  Mot. to Strike at 3, n. 2.  Contrary to Plaintiffs' claim that the YouTube video they provided is the "entire" video, Counsel notes that the YouTube video is just under four (4) minutes in length, while the video provided by the County is over fourteen (14) minutes in length.
[13]  Mot. to Strike at 3 (quoting *Scanlon v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).
[14]  *Id.* at 2, 3, 4.

Additionally, the video is public record.  The County has provided the website address for the news station's post containing the video.  On at least one (1) occasion, a court in this District has taken judicial notice of a news video found online.  *See Ayala*, 2018 WL 10373638, at *2. Plaintiffs have provided no cases to support the proposition that readily available news station's post does not constitute a public record.  Furthermore, Plaintiffs' argument that the video is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"[15] because of the "omission of the audio" has been proven unfounded.

## IV.   PRAYER

For these reasons, the County prays that the Court deny Plaintiffs' Motion to Strike Defendant's Exhibit A, and award Defendant all other relief to which it is justly entitled.

Respectfully submitted,

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
**Carmen Jo Rejda-Ponce – Of Counsel**
State Bar No. 24079149
Federal I.D. No. 1366666
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 –  Telephone
(713) 739-7420 –  Facsimile

**COUNSEL FOR DEFENDANT,
WILLIAMSON COUNTY**

---

[15]  Mot. to Strike at 6 (citing *Funk*, 631 F.3d at 783).

## CERTIFICATE OF CONFERENCE

I certify that prior to filing this Response, I conferred with Plaintiffs' counsel regarding Defendant's Exhibit A.  I informed Plaintiffs' counsel that the video does contain audio, was unedited by the County, and that the same can be verified by obtaining the video on the source website provided in the Defendant's Motion to Dismiss.  Plaintiffs' counsel did not agree to withdraw their Motion.

**Carmen Jo Rejda Ponce**

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of January, 2021, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record pursuant to the Federal Rules of Civil Procedure.

**Carmen Jo Rejda Ponce**