IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER AMBLER, SR., and MARITZA AMBLER, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the ESTATE OF JAVEIR AMBLER, II, and as next friends of J.R.A., a minor child; and MICHELE BEITIA, as next friend of J.A.A., a minor child, | § § § § § § § § | Civil Action No. 1:20-01068-LY |
| Plaintiffs, | § § | |
| v. | § § | |
| WILLIAMSON COUNTY, TEXAS, | § § | |
| Defendant. | § § | |

**PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXHIBIT A**

Plaintiffs file this Reply in Support of their Motion to Strike Exhibit A to address the arguments raised in Defendant's Response. Plaintiffs respectfully request the Court strike Defendant's Exhibit A, and state the following:

**I.   SUMMARY OF REPLY**

In addition to the reasons raised in their original motion, Plaintiffs urge the Court to strike the video submitted with Defendants' motion to dismiss for the simple reason that no caselaw identified by the Defendants suggests the Court can consider such evidence at this early stage. In fact, there is significant contrary authority from several district court cases that declined to consider this precise type of evidence at this same stage of the litigation.

## II. ARGUMENT

Defendant relies heavily on a single district court case: *Ayala v. Aransas Cnty*.[1] In *Ayala*, a 12(c)[2] motion was submitted after full discovery, so the judge took judicial notice of a YouTube video posted by a television news station and referenced in the plaintiff's amended complaint. 2018 U.S. Dist. LEXIS 233797 at *6. *Ayala* is procedurally inapposite to the case at hand – where the only discovery is an exchange of initial disclosures – and should not guide this Court's analysis.[3]

*Turner v. Byer*, on the other hand, is directly on point. No. 2:17-cv-1869, 2020 U.S. Dist. LEXIS 167799 (E.D. Cal. Sep. 14, 2020). Similar to Defendant here, in *Turner* the defendant premised part of its motion to dismiss on a video recording, which the defendant contended should be admitted because its authenticity was not subject to dispute. 2020 U.S. Dist. LEXIS 167799 at *2. Quoting an earlier case from the same Circuit, the *Turner* court noted,

> The government does not merely wish the court to take judicial notice of the fact that these videos exist: it requests the court take judicial notice of the *contents of the video* to purportedly show that the defendant rangers did not employ excessive force. This is obviously disputed by plaintiff, and is far beyond the usual purposes of judicial notice.

*Id.* at *3 (quoting *Knickerbocker v. United States,* No. 1:16-cv-1811, 2018 U.S. Dist. LEXIS 23603, *16 (E.D. Cal. Feb. 12, 2018)) (emphasis added)). The *Turner* court declined to consider

---

[1] No. 2:15-cv-335, 2018 WL 10373638, 2018 U.S. Dist. LEXIS 233797 (S.D. Tex. Jan. 16, 2018).

[2] Although defendant in *Ayala* had submitted a Rule 12(b)(6) motion, the Court found that it had been filed nearly 9 months after the pleadings closed and was therefore not timely. Defendant sought a ruling, in the alternative, under Rule 12(c). The Court proceeded under Fed. R. Civ. P. 12(c). *Ayala*, 2018 U.S. Dist. LEXIS 233797 at *4-5.

[3] Of course, in this case, the Defendant's policymaker, Sheriff Robert Chody, and general counsel, Jason Nassour, have been indicted for tampering with evidence related to Ambler's death, including additional video recordings.

the video evidence provided by the defendant in ruling on the Rule 12(b)(6) motion to dismiss, noting that such evidence was more appropriately reserved for a motion for summary judgment or trial. *Id.* at *4.

*Smith v. City of Greensboro*, No. 1:19-cv-386, 2020 U.S. Dist. LEXIS 53132 (M.D. N.C. Mar. 25, 2020), is also directly on point. There, the court noted that "before considering the arguments for and against dismissal," the Court was to first decide, as a threshold matter, "whether it is appropriate, at this early stage in the litigation, to consider [body cam] video evidence of the events described in the complaint." U.S. Dist. LEXIS 53132 at *7. Similar to the case at hand, the defendants in *Smith* argued that the video footage attached to its motion to dismiss was "integral" to the complaint and "depicted the entire interaction" at issue. *Id.* at *8. The plaintiffs in *Smith* "acknowledge[d] that the footage is comprehensive, and even state in their briefing that they 'intend to rely on the body camera video at summary judgment and trial.'" *Id*. The *Smith* court nonetheless concluded, "The *complaint itself*, however, makes no express mention of the video…. Furthermore, unlike in *Scott* [*v. Harris*, 550 U.S. 372 (2007)], the parties have not had an opportunity to conduct discovery. If the allegations in the complaint are well pleaded, Plaintiffs deserve the opportunity to marshal what evidence they can in support." *Id.* at *9, 11 (emphasis in original).

In discussing defendants' request for judicial notice of the video evidence, the *Smith* court noted, "[i]t is true that courts are free to consider publicly available information posted on *official* websites, and often do" while pointing out that the video in that case had been posted by the city itself on its public website. *Id.* at *11 (emphasis added). Here, of course, that is not the case – the video was downloaded from a local newspaper's website and there are legions of cases holding the contents of news media reports cannot be judicially noticed. *See*, *e.g.*, *Eberhardt v. Marck &*

*Co., Inc.*, 106 Fed. Appx. 277, 279 (5th Cir. 2004); *U.S. v. Charles*, 62 F.3d 395, n. 5 (5th Cir. 1995). And, similarly to the court in *Turner*, the *Smith* court stated, "Defendants are asking the Court to consider more than the fact of the video's public posting, or even some uncontroversial aspect of its content." *Id.* "Rather, they seek to employ the video to challenge Plaintiffs' characterization of the facts and demonstrate that the Officers' behavior was reasonable. As this request runs far beyond the usual purview of judicial notice, the Court exercises its power to 'simply ignore [] [the] material' at this time." *Id.* (citing *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 193 &n.7 (4th Cir. 2015)) (alterations in original).

Simply, Defendant is not merely asking this Court to judicially notice that body cam video of this incident exists. Rather, it is asking this Court, like the defendants in *Turner* and *Smith*, to judicially notice the *contents* of the body cam video. This is "far beyond the usual purview of judicial notice," and this Court should decline to do so for that very reason. *Smith*, U.S. Dist. LEXIS 53132 at *11; *see also*, *Turner*, 2020 U.S. Dist. LEXIS 167799 at *3, *Knickerbocker*, 2018 U.S. Dist. LEXIS 23603 at *16. Should this Court deny Plaintiffs' motion to strike, it should nevertheless decline to consider the video evidence while ruling on Defendant's Rule 12(b)(6) motion, like the court in *Smith*.

### III.   Prayer

For the foregoing reasons, and the arguments raised in Plaintiffs' Motion to Strike Exhibit A, Plaintiffs pray the Court grant their motion and strike Defendant's Exhibit A in support of their motion for dismissal, and decline to consider the exhibit in resolving the motion. The plaintiffs also pray that the Court grant such other and further relief to which they are justly entitled.

Dated: January 29, 2021.

Respectfully submitted,

**EDWARDS LAW**

> The Haehnel Building
> 1101 East 11th Street
> Austin, Texas 78702
> Tel.  512-623-7727
> Fax.  512-623-7729

By____/s/ Jeff Edwards_____
      JEFF EDWARDS
      State Bar No. 24014406
      jeff@edwards-law.com
      SCOTT MEDLOCK
      State Bar No. 24044783
      scott@edwards-law.com
      DAVID JAMES

> **ATTORNEYS FOR PLAINTIFFS JAVIER AMBLER, SR., MARITZA AMBLER, AND J.R.A.**

> Antonio M. Romanucci *(pro hac vice)*
> (Illinois ARDC No. 6190290)
> Bhavani Raveendran *(pro hac vice)*
> (Illinois ARDC No. 6309968)
> Ian P. Fallon *(pro hac vice)*
> (Illinois ARDC No. 6332303)
> **ROMANUCCI & BLANDIN, LLC**
> 321 N. Clark Street, Suite 900
> Chicago, Illinois 60654
> Tel:     (312) 458-1000
> Fax:     (312) 458-1004
> aromanucci@rblaw.net
> braveendran@rblaw.net
> ifallon@rblaw.net

> **ATTORNEYS FOR PLAINTIFF MICHELE BEITIA, FOR J.A.A.**

## CERTIFICATE OF SERVICE

I certify that on the 29th day of January 2021, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/Scott Medlock*
SCOTT MEDLOCK