IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAVIER AMBLER, SR., and MARITZA AMBLER, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the ESTATE OF JAVEIR AMBLER, II, and as next friends of J.R.A., a minor child; and MICHELE BEITIA, as next friend of J.A.A., a minor child, § § § § § § § § § Plaintiffs, § § v. § § WILLIAMSON COUNTY, TEXAS, § § Defendant. § | Civil Action No. 1:20-01068-LY |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs respectfully request leave to amend the complaint with the attached Exhibit 1 to clarify their allegations and to include both the individuals and the private company at issue in this wrongful death case.

A. FACTS AND PROCEDURAL BACKGROUND

This is a wrongful death case arising from alleged excessive force used against Plaintiffs' decedent, Javier Ambler II. Williamson County deputies killed Javier while the County produced a reality TV program, then Sheriff Chody destroyed critical evidence.

Plaintiffs filed suit alleging only *Monell* claims and ADA claims against Williamson County on October 25, 2020.

Discovery has begun and the deadline to add additional parties is March 26, 2021. Doc. 41.

1

B. **ARGUMENT**

The Court should grant Plaintiffs leave to amend, including to add new Defendants.

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. … If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citations omitted); *see also* FED. R. CIV. P. 15(a)(2). Ordinarily the Court should not deny leave to amend merely due to delay. *See Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 131 (5th Cir. 2015) (reversing denial of leave to amend where there was significant unexplained delay).

"Rule 15(c) provides that '[a]n [a]mendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or *attempted to be set forth in the original pleading* [.]'" *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102 (5th Cir. 1995) (emphasis in original). "This Court has permitted equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Young v. United States*, 535 U.S. 43, 50 (2002) (internal quotation marks omitted); *see also Willoughby v. Cribbs*, No. CV H-13-1091, 2014 WL 12537082, at *1 (S.D. Tex. Dec. 12, 2014). An amendment relates back to the date a motion for leave to amend the complaint was filed under Rule 15.[1]

---

[1] *See Rademaker v. E.D. Flynn Exp. Co.*, 17 F.2d 15, 17 (5th Cir. 1927); *Perez v. New Breed Logistics, Inc.*, No. 2:16-CV-127, 2017 WL 40289, at *4 (S.D. Tex. Jan. 4, 2017) (An "amended complaint is deemed filed on the date [plaintiff] filed his motion for leave to amend the complaint."); *Stafford v. Clark Const. Co.*, 901 F. Supp. 232, 233 (E.D. Tex. 1995) ("The statute of limitations on a cause of action is tolled as soon as a motion for leave to file an amended complaint is filed."); *Mayes v. AT&T Info. Servs., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989) (per curiam) ("[W]here the petition for leave to amend the complaint has been filed prior to the expiration of the statute of limitations, while the entry of the court order and filing of the amended complaint have occurred after the limitations period has expired ... the amended

In this case, there is good cause to grant leave to amend because the deadline to amend and add parties has not yet expired, Doc. 41, and the additional Defendants are likely important parties to the underlying misconduct. Moreover, there is good cause to deem the Amended Complaint filed March 26, 2021, as that is the date Plaintiffs are seeking leave to amend.

C. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs leave to amend the Complaint with the proposed First Amended Complaint, attached as Exhibit 1.

Dated: March 26, 2021.

        Respectfully submitted,

        **EDWARDS LAW**
        1101 East 11th Street
        Tel. 512-623-7727
        Fax. 512-623-7729

        By   /s/ Jeff Edwards
        JEFF EDWARDS
        State Bar No. 24014406
        jeff@edwards-law.com
        SCOTT MEDLOCK
        State Bar No. 24044783
        scott@edwards-law.com
        DAVID JAMES
        State Bar No. 24092572
        david@edwards-law.com

        **ATTORNEYS FOR PLAINTIFFS JAVIER AMBLER, SR., MARITZA AMBLER, AND**

---

complaint is deemed filed within the limitations period."); *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend … tolls the statute of limitations.").

**J.R.A.**

By /s/ Antonio M. Romanucci

Antonio M. Romanucci *(pro hac)*
(IL No. 6190290)
Bhavani Raveendran *(pro hac)*
(IL No. 6309968)
Ian P. Fallon *(pro hac)*
(IL No. 6332303)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel:       (312) 458-1000
Fax:      (312) 458-1004
aromanucci@rblaw.net
braveendran@rblaw.net
ifallon@rblaw.net

Ben Crump *(pro hac pending)* (Washington, D.C. Bar No. 1552623) Ben Crump Law
717 D Street N.W., Suite 310
Washington, D.C. 20004
Phone: 800-859-9999
Fax: 800-770-3444
ben@bencrump.com

**ATTORNEYS FOR PLAINTIFF MICHELE BEITIA, FOR J.A.A.**

## CERTIFICATE OF SERVICE

I certify, by my signature below, that the foregoing has been served on counsel for all parties through the Court's electronic filing system.

/s/ Jeff Edwards
Jeff Edwards

## CERTIFICATE OF CONFERENCE

I certify, by my signature below, that counsel for Defendant and they are unopposed to this motion.

/s/ Scott Medlock

4

Scott Medlock

Scott Medlock