**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAVIER AMBLER, SR., and MARITZA AMBLER, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the ESTATE OF JAVIER AMBLER, II, and as next friends of J.R.A., a minor child; and MICHELE BEITIA, as next friend of J.A.A., a minor child,** | §§§§§§§§§§§ | |
| **Plaintiffs,** | §§ | |
| **v.** | §§ | **CIVIL ACTION NO. 1:20-01068-LY** |
| | § | **Jury Trial Demanded** |
| **WILLIAMSON COUNTY, ROBERT CHODY, JAMES "JJ" JOHNSON, ZACHARY CAMDEN, MICHAEL NISSEN, CITY OF AUSTIN, and JASON NASSOUR,** | §§§§§§§§ | |
| **Defendants.** | § | |

**DEFENDANT WILLIAMSON COUNTY, TEXAS' ORIGINAL ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Williamson County, Texas ("County") files this Original Answer to Plaintiffs'

First Amended Complaint (ECF No. 44).  In support, County shows as follows:

## I.    COUNTY'S ANSWER

County responds to Plaintiffs' First Amended Complaint by correspondingly numbered

and designated sections.  All allegations not specifically admitted are denied.

**SPECIFIC DENIALS**

## I.    PARTIES

### A.    Plaintiffs

1.    County lacks knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 1 and therefore denies them.

2.      County lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies them.

3.      County lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

4.      County lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5.      County lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

6.      County lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies them.

**B.     Defendants**

7.      County admits the allegations in paragraph 7.

8.      County admits Defendant Chody was a policymaker for Williamson County while he was Williamson County Sheriff.  County denies the remainder of the allegations in paragraph 8.

9.      County admits Defendant Chody was a policymaker of Williamson County while he was Williamson County Sheriff.  County denies the remainder of the allegations in paragraph 9.

10.     County admits Defendant Chody was the elected Sheriff of Williamson County and was a policymaker for the Williamson County Sheriff's Office.  County lacks knowledge or information sufficient to form a belief about the allegations concerning Defendant Chody's current residence and therefore denies them.  The remainder of the allegations in paragraph 10 are legal conclusions to which no response is required and are therefore denied.

11.     County admits Defendant Johnson was a Williamson County Sheriff's Office Deputy.  County lacks knowledge or information sufficient to form a belief about the allegations concerning Defendant Johnson's current employment and therefore denies them.  The remainder of the allegations in paragraph 11 are legal conclusions to which no response is required and are therefore denied.

12.     County admits Defendant Camden was a Williamson County Sheriff's Office Deputy.  County lacks knowledge or information sufficient to form a belief about the allegations concerning Defendant Camden's current employment and therefore denies them.  The remainder of the allegations in paragraph 12 are legal conclusions to which no response is required and are therefore denied.

13.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 13 and therefore denies them.

14.     County denies the allegations in the first and second sentences of paragraph 14.  County admits the allegations in the third sentence of paragraph 14.  The remainder of the allegations in paragraph 14 are legal conclusions to which no response is required and are therefore denied.

15.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 15 and therefore denies them.

II.     **JURISDICTION AND VENUE**

16.     The allegations in paragraph 16 are legal conclusions to which no response is required and are therefore denied.  County is not contesting the Court's subject matter jurisdiction in this case.

17.     The allegations in paragraph 17 are legal conclusions to which no response is required and are therefore denied.  County is not contesting personal jurisdiction over it in this case.

18.     The allegations in paragraph 18, in part, are legal conclusions to which no response is required and are therefore denied.  County is not contesting personal jurisdiction or venue over in this case.  County denies the remainder of the allegations in paragraph 18.

19.     The allegations in paragraph 19 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County is not contesting personal jurisdiction or venue in this case.  County denies the remainder of the allegations in paragraph 19.

20.     The allegations in paragraph 20 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County is not contesting personal jurisdiction or venue in this case.

21.     The allegations in paragraph 21 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County is not contesting personal jurisdiction or venue in this case.

22.     The allegations in paragraph 22 are legal conclusions to which no response is required and are therefore denied.  County is not contesting the Court's subject matter jurisdiction in this case.

## III.   <u>FACTS</u>

23.     County admits the allegations in paragraph 23.

24.     County denies the allegations in paragraph 24.

25.     County denies the allegations in paragraph 25.

A. **"Sheriff Chody and Williamson County's Policy of Endangering Citizens to Create Reality Television."**

26.     County denies the allegations in paragraph 26 as worded, as a mischaracterization.

27.     County admits the allegations in paragraph 27.

28.     Regarding the allegations in paragraph 28, County admits only that Defendant Johnson and Defendant Camden were accompanied by Live PD camera crews on the night of the incident.  County also admits that Colin Mike rode with Defendant Johnson, and Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden.   County denies the remainder of the allegations in paragraph 28.

29.     County denies the allegations in paragraph 29.

30.     County denies the allegations in paragraph 30.

31.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31 and therefore denies them.

32.     Regarding the allegations in paragraph 32, County admits only that the Williamson County Sheriff's Office, including Defendant Johnson, were featured on Live PD.  County denies the remainder of the allegations in paragraph 32.

33.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 33 and therefore denies them.

34.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34 and therefore denies them.

35.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 35 and therefore denies them.

36.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 36 and therefore denies them.

37.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 37 and therefore denies them.

38.     County denies the allegations in paragraph 38.

39.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39 and therefore denies them.

40.     County denies the allegations in paragraph 40.

41.     County lacks knowledge or information sufficient to form a believe about the allegations in the first sentence of paragraph 41 and therefore denies them.  County denies the remainder of the allegations in paragraph 41.

42.     County denies the allegations in paragraph 42 as worded, as a mischaracterization.

43.     County denies the allegations in paragraph 43 as worded, as a mischaracterization.

44.     County denies the allegations in paragraph 42.

45.     County denies the allegations in paragraph 45.

46.     County denies the allegations in paragraph 46.

47.     County denies the allegations in paragraph 47.

48.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 48 and therefore denies them.

49.     County denies the allegations in paragraph 49 as worded, as a mischaracterization.

50.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 50 and therefore denies them.

51.     County denies the allegations in paragraph 51.

52.     County denies the allegations in paragraph 52.

53.     County denies the allegations in paragraph 53 as worded, as a mischaracterization.

54.    County denies the allegations in paragraph 54 as worded, as a mischaracterization.

55.    County denies the allegations in paragraph 55.

56.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 56 and therefore denies them.

57.    County denies the allegations in paragraph 57.

58.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 58 and therefore denies them.

59.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 59 and therefore denies them.

60.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 60 and therefore denies them.

61.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 61 and therefore denies them.

62.    County denies the allegations in paragraph 62 as worded, as a mischaracterization.

63.    County denies the allegations in paragraph 63.

64.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 64 and therefore denies them.

65.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 65 and therefore denies them.

66.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 66 and therefore denies them.

67.    County denies the allegations in paragraph 67.

68.    County denies the allegations in paragraph 68.

69.     County denies the allegations in paragraph 69.

70.     County denies the allegations in paragraph 70 as worded, as a mischaracterization.

71.     County denies the allegations in paragraph 71.

72.     County denies the allegations in paragraph 72.

73.     County denies the allegations in paragraph 73 as worded, as a mischaracterization.

74.     County denies the allegations in paragraph 74 as worded, as a mischaracterization.

75.     County denies the allegations in paragraph 75.

76.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 76 and therefore denies them.

77.     Regarding the allegations in paragraph 77, County admits only that it renewed the contract with Live PD in 2019.  County denies the remainder of the allegations in paragraph 77.

78.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 78 and therefore denies them.

79.     Regarding the allegations in paragraph 79, County admits only that it sent a termination letter to Big Fish in August 2019.  County denies the remainder of the allegations in paragraph 79.

80.     Regarding the allegations in paragraph 80, County admits only that Defendant Chody filmed with Live PD after August 2019.  County denies the remainder of the allegations in paragraph 80.

81.     County admits the allegations in paragraph 81.

82.     County admits the allegations in paragraph 82.

83.     County denies the allegations in paragraph 83 as worded, as a mischaracterization.

84.     County denies the allegations in paragraph 84 as worded, as a mischaracterization.

85.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 85 and therefore denies them.

86.     County denies the allegations in paragraph 86.

87.     County denies the allegations in paragraph 87.

88.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 88 and therefore denies them.

89.     County denies the allegations in paragraph 89.

90.     Regarding the allegations in paragraph 90, County admits only that Defendant Johnson and Defendant Camden previously worked at the Bastrop County Sheriff's Office. County denies the remainder of the allegations in paragraph 90.

91.     County denies the allegations in paragraph 91.

92.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 92 and therefore denies them.

93.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 93 and therefore denies them.

94.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 94 and therefore denies them.

95.     County denies the allegations in paragraph 95 as worded, as a mischaracterization.

96.     County denies the allegations in paragraph 96 as worded, as a mischaracterization.

97.     County denies the allegations in paragraph 97 as worded, as a mischaracterization.

98.     County denies the allegations in paragraph 98 as worded, as a mischaracterization.

99.     County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 99 and therefore denies them.

100.   County denies the allegations in paragraph 100.

101.   County denies the allegations in paragraph 101.

102.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 102 and therefore denies them.

103.   Regarding the allegations in paragraph 103, County admits only that the Commissioners Court did not initiate a removal action against Defendant Chody under state law. County denies the remainder of the allegations in paragraph 103.

**B.   "Big Fish produces and broadcasts Live PD and hides officers' policy violations."**

104.   County admits the allegations in paragraph 104.

105.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 105 and therefore denies them.

106.   Regarding the allegations in paragraph 106, County admits only that Dan Abrams hosted Live PD in studio.  County lacks knowledge or information sufficient to form a belief about the remainder of the allegations in paragraph 106 and therefore denies them.

107.   County denies the allegations in paragraph 107.

108.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 108 and therefore denies them.

109.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 109 and therefore denies them.

110.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 110 and therefore denies them.

111.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 111 and therefore denies them.

112.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 112 and therefore denies them.

113.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 113 and therefore denies them.

114.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 114 and therefore denies them.

115.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115 and therefore denies them.

    **C.    "Williamson County is aware of the Live PD Fantasy League, encouraging and rewarding unjustified officer use of force."**

116.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 116 and therefore denies them.

117.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 117 and therefore denies them.

118.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 118 and therefore denies them.

119.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 119 and therefore denies them.

120.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 120 and therefore denies them.

121.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 121 and therefore denies them.

122.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 122 and therefore denies them.

123.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 123 and therefore denies them.

124.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 124 and therefore denies them.

125.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 125 and therefore denies them.

126.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 126 and therefore denies them.

127.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 127 and therefore denies them.

128.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 128 and therefore denies them.

129.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 129 and therefore denies them.

130.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 130 and therefore denies them.

131.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 131 and therefore denies them.

132.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 132 and therefore denies them.

133.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 133 and therefore denies them.

134.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 134 and therefore denies them.

135.    County admits the allegations in paragraph 135.

136.    County denies the allegations in paragraph 136.

137.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 137 and therefore denies them.

**D.      "Williamson County and Big Fish enter into a Joint Venture to Endanger Citizens to Create Reality Television."**

138.    Regarding the allegations in paragraph 138, County admits only that the County Commissioners Court has authority to bind County in contracts.  The County also admits that it entered into "Access Agreements" with Big Fish in 2018 and 2019.  County denies the remainder of the allegations in paragraph 138.

139.    Regarding the allegations in paragraph 139, County admits only that the County Commissioners Court has authority to bind County in contracts.  The County also admits that it entered into "Access Agreements" with Big Fish in 2018 and 2019.  County denies the remainder of the allegations in paragraph 139.

140.    County admits the allegations in paragraph 140.

141.    County admits the allegations in paragraph 141.

142.    County denies the allegations in paragraph 142 as worded, as a mischaracterization

143.    County admits the allegations in paragraph 143.

144.    County admits the allegations in paragraph 144.

145.    County admits the allegations in paragraph 145.

146.    County admits the allegations in paragraph 146.

E.      **"Sheriff Chody's Indifference to Excessive Force."**

147.    County denies the allegations in paragraph 147.

148.    County admits the allegations in paragraph 148.

149.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 149 and therefore denies them.

150.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 150 and therefore denies them.

151.    County admits the allegations in paragraph 151.

152.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 152 and therefore denies them.

153.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 153 and therefore denies them.

154.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 154 and therefore denies them.

155.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 155 and therefore denies them.

156.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 156 and therefore denies them.

157.    Regarding the allegations in paragraph 157, County admits only that Defendant Chody has won the lottery.  County denies the remainder of the allegations in paragraph 157.

158.    Regarding the allegations in paragraph 158, County admits only that Defendant Chody ran for the office of Sheriff in Williamson County.  County denies the remainder of the allegations in paragraph 158.

159.    County admits the allegations in paragraph 159.

160.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 160 and therefore denies them.

161.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 161 and therefore denies them.

162.    County denies the allegations in paragraph 162.

163.    County denies the allegations in paragraph 163.

164.    County denies the allegations in paragraph 164.

165.    County denies the allegations in paragraph 165.

166.    County denies the allegations in paragraph 166.

167.    County denies the allegations in paragraph 167.

168.    County denies the allegations in paragraph 168.

169.    County denies the allegations in paragraph 169.

170.    County denies the allegations in paragraph 170.

171.    County denies the allegations in paragraph 171.

172.    County denies the allegations in paragraph 172.

173.    County denies the allegations in paragraph 173.

174.    County denies the allegations in paragraph 174.

**F.    "The Austin Police Department's Policy of Using Excessive Force Against People of Color, and Failing to Discipline Officers."**

175.    The allegations in paragraph 175 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

176.    The allegations in paragraph 176 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

177.    The allegations in paragraph 177 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

178.    The allegations in paragraph 178 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

179.    The allegations in paragraph 179 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

180.    The allegations in paragraph 180 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

181.    The allegations in paragraph 181 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

182.    The allegations in paragraph 182 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

183.   The allegations in paragraph 183 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

184.   The allegations in paragraph 184 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

185.   The allegations in paragraph 185 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

186.   The allegations in paragraph 186 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

187.   The allegations in paragraph 187 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

188.   The allegations in paragraph 188 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

189.   The allegations in paragraph 189 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

190.     The allegations in paragraph 190 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

191.     The allegations in paragraph 191 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

192.     The allegations in paragraph 192 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

193.     The allegations in paragraph 193 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

194.     The allegations in paragraph 194 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

195.     The allegations in paragraph 195 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

196.     The allegations in paragraph 196 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

197.    The allegations in paragraph 197 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

G.    **"Defendants' Officers Kill Javier Ambler, II."**

198.    County admits the allegations in paragraph 198.

199.    Regarding the allegations in paragraph 199, County admits only that Javier Ambler, II ("Ambler") was driving on March 28, 2019, at around 1:23 a.m.  County denies the remainder of the allegations in paragraph 199.

200.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 200 and therefore denies them.

201.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 201 and therefore denies them.

202.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 202 and therefore denies them.

203.    Regarding the allegations in paragraph 203, County admits only that Defendant Johnson and Defendant Camden were on duty on March 28, 2019, at around 1:23 a.m.  County denies the remainder of the allegations in paragraph 203.

204.    Regarding the allegations in paragraph 204, County admits only that Defendant Johnson was hired by the Williamson County Sheriff's Office on November 30, 2018.  County denies the remainder of the allegations in paragraph 204.

205.    Regarding the allegations in paragraph 205, County admits only that Defendant Camden was hired by the Williamson County Sheriff's Office on February 8, 2019.  County denies the remainder of the allegations in paragraph 205.

206.    Regarding the allegations in paragraph 206, County admits only that Defendant Johnson and Defendant Camden were accompanied by Live PD camera crews.  County also admits that Colin Mike rode with Defendant Johnson, and Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden.  County also admits that the Live PD camera crew recorded some of Defendant Johnson's and Defendant Camden's pursuit of Ambler.  County denies the remainder of the allegations in paragraph 206.

207.    County admits the allegations in paragraph 207.

208.    County denies the allegations in paragraph 208 as worded, as a mischaracterization.

209.    County denies the allegations in paragraph 209.

210.    County denies the allegations in paragraph 210.

211.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 211 and therefore denies them.

212.    Regarding the allegations in paragraph 212, County admits only that Defendant Johnson and Defendant Camden were accompanied by Live PD camera crews.  County also admits that Colin Mike rode with Defendant Johnson, and Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden.  County also admits that the Live PD camera crew recorded some of Defendant Johnson's and Defendant Camden's pursuit of Ambler.  County denies the remainder of the allegations in paragraph 212.

213.    County denies the allegations in paragraph 213 as worded, as a mischaracterization.

214.    County denies the allegations in paragraph 214 as worded, as a mischaracterization.

215.    County admits the allegations in paragraph 215.

216.    Regarding the allegations in paragraph 216, County admits only that Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden.  County also admits that the Live PD

camera crew recorded some of Defendant Camden's pursuit of Ambler.  County denies the remainder of the allegations in paragraph 216.

217.    County denies the allegations in paragraph 217 as worded, as a mischaracterization.

218.    County denies the allegations in paragraph 218.

219.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 219 and therefore denies them.

220.    Regarding the allegations in paragraph 220, County admits only that the total length of the pursuit of Ambler was over twenty (20) minutes.  County denies the remainder of the allegations in paragraph 220.

221.    County denies the allegations in paragraph 221 as worded, as a mischaracterization.

222.    Regarding the allegations in paragraph 222, County admits only that Defendant Johnson's and Defendant Camden's pursuit of Ambler did not appear to have violated WCSO policy.  County denies the remainder of the allegations in paragraph 222.

223.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 223 and therefore denies them.

224.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 224 and therefore denies them.

225.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 225 and therefore denies them.

226.    Regarding the allegations in paragraph 226, County admits only that Ambler's vehicle came to a stop after it became disabled after multiple crashes. County denies the remainder of the allegations in paragraph 226.

227.     Regarding the allegations in paragraph 227, County admits only that Colin Mika and Jeff Moriarty recorded some of the law enforcement officers' interactions with Ambler after the pursuit ended.  County denies the remainder of the allegations in paragraph 227.

228.     County admits the allegations in paragraph 228.

229.     County admits the allegations in paragraph 229.

230.     County admits the allegations in paragraph 230.

231.     Regarding the allegations in paragraph 231, County admits only that Colin Mika and Jeff Moriarty recorded some of the law enforcement officers' interactions with Ambler after the pursuit ended.  County denies the remainder of the allegations in paragraph 231.

232.     County denies the allegations in paragraph 232.

233.     Regarding the allegations in paragraph 233, County admits only that Defendant Johnson initially drew his handgun and ordered Ambler to exit his vehicle.  County denies the remainder of the allegations in paragraph 233.

234.     County denies the allegations in paragraph 234 as worded, as a mischaracterization.

235.     County denies the allegations in paragraph 235 as worded, as a mischaracterization.

236.     County denies the allegations in paragraph 236.

237.     County admits the allegations in paragraph 237.

238.     County admits the allegations in paragraph 238.

239.     County denies the allegations in paragraph 239 as worded, as a mischaracterization.

240.     County denies the allegations in paragraph 240 as worded, as a mischaracterization.

241.     County denies the allegations in paragraph 241.

242.     Regarding the allegations in paragraph 242, County admits only that Defendant Johnson deployed his Taser.  County denies the remainder of the allegations in paragraph 242.

243.    Regarding the allegations in paragraph 243, County admits only that Ambler went down onto his knee and then onto his back.  County denies the remainder of the allegations in paragraph 243.

244.    County denies the allegations as worded in paragraph 244, as a mischaracterization of the conversation.  County denies the remainder of the allegations in paragraph 244.

245.    Regarding the allegations in paragraph 245, County admits only that Defendant Camden arrived on scene with Jeff Moriarty and Ruby Garson Tarzian.  County denies the remainder of the allegations in paragraph 245.

246.    Regarding the allegations in paragraph 246, County admits only that Defendant Camden deployed his Taser.  County denies the remainder of the allegations in paragraph 246.

247.    Regarding the allegations in paragraph 247, County admits only that Colin Mika and Jeff Moriarty recorded some of the law enforcement officers' interactions with Ambler. County denies the remainder of the allegations in paragraph 247.

248.    Regarding the allegations in paragraph 248, County admits only that a Taser was deployed a third time.  County denies the remainder of the allegations in paragraph 248.

249.    Regarding the allegations in paragraph 249, County admits only that an Austin Police Department Officer arrived on scene.  County lacks knowledge or information sufficient to form a belief about the remainder of the allegations in paragraph 249 and therefore denies them.

250.    Regarding the allegations in paragraph 250, County admits only that the three (3) law enforcement officers repeatedly instructed Ambler to give them his hands so they could handcuff him, including an instruction to lay on his stomach.  County denies the remainder of the allegations in paragraph 250.

251.    County denies the allegations in paragraph 251 as worded, as a mischaracterization.

252.    County denies the allegations in paragraph 252 as worded, as a mischaracterization.

253.    Regarding the allegations in paragraph 253, County admits only that a Taser was deployed while Ambler continued to resist restraint and the law enforcement officers continued their attempts to handcuff Ambler.  County denies the remainder of the allegations in paragraph 253.

254.    Regarding the allegations in paragraph 254, County admits only that Ambler stated he could not breathe at some point during his interactions with the law enforcement officers. County denies the remainder of the allegations in paragraph 254.

255.    Regarding the allegations in paragraph 255, County admits only that the law enforcement officers continued their attempts to handcuff Ambler and instructed him to comply with their attempts.  County denies the remainder of the allegations in paragraph 255.

256.    County denies the allegations in paragraph 256 as worded, as a mischaracterization.

257.    Regarding the allegations in paragraph 257, County admits only that the law enforcement officers instructed Ambler to give them his hands so they could handcuff him.  County denies the remainder of the allegations in paragraph 257.

258.    County denies the allegations in paragraph 258 as worded, as a mischaracterization.

259.    Regarding the allegations in paragraph 259, County admits only that Ambler was instructed to lay on his stomach so the law enforcement officers could handcuff him.  County denies the remainder of the allegations in paragraph 259.

260.    Regarding the allegations in paragraph 260, County admits only that Ambler stated he could not breathe at some point during his interactions with the law enforcement officers. County denies the remainder of the allegations in paragraph 260.

261.    Regarding the allegations in paragraph 261, County admits only that the law enforcement officers instructed Ambler to lay on his stomach so they could handcuff him.  County denies the remainder of the allegations in paragraph 261.

262.    Regarding the allegations in paragraph 262, County admits only that Ambler stated he could not breathe at some point during his interactions with the law enforcement officers.  County denies the remainder of the allegations in paragraph 262.

263.    Regarding the allegations in paragraph 263, County admits only that the law enforcement officers instructed Ambler to lay on his stomach so they could handcuff him.  County denies the remainder of the allegations in paragraph 263.

264.    County denies the allegations in paragraph 264.

265.    Regarding the allegations in paragraph 265, County admits only that the law enforcement officers instructed Ambler to stop resisting.  County denies the remainder of the allegations in paragraph 265.

266.    Regarding the allegations in paragraph 266, County admits only that Ambler stated he could not breathe at some point during his interactions with the law enforcement officers.  County denies the remainder of the allegations in paragraph 266.

267.    County admits the allegations in paragraph 267.

268.    County denies the allegations in paragraph 268 as worded, as a mischaracterization

269.    County denies the allegations in paragraph 269.

270.    Regarding the allegations in paragraph 270, County admits only that Ambler stated he could not breathe at some point during his interactions with the law enforcement officers.  County denies the remainder of the allegations in paragraph 270.

271.   Regarding the allegations in paragraph 271, County admits only that the law enforcement officers attempted to get Ambler's hands behind his back so they could handcuff him. County denies the remainder of the allegations in paragraph 271.

272.   County denies the allegations in paragraph 272.

273.   Regarding the allegations in paragraph 273, County admits only that Ambler resisted the law enforcement officers attempts to lay him on the ground and handcuff him. County denies the remainder of the allegations in paragraph 273.

274.   County denies the allegations in paragraph 274.

275.   County denies the allegations in paragraph 275.

276.   County denies the allegations in paragraph 276 as worded, as a mischaracterization.

277.   County admits the allegations in paragraph 277.

278.   County denies the allegations in paragraph 278.

279.   Regarding the allegations in paragraph 279, County admits only that the law enforcement officers instructed Ambler to lay on his stomach so they could handcuff him. County denies the remainder of the allegations in paragraph 279.

280.   Regarding the allegations in paragraph 280, County admits only that a Taser was deployed and the law enforcement officers instructed Ambler to lay on his stomach so they could handcuff him. County denies the remainder of the allegations in paragraph 280.

281.   County denies the allegations in paragraph 281 as worded, as a mischaracterization.

282.   County denies the allegations in paragraph 282 as worded, as a mischaracterization.

283.   County denies the allegations in paragraph 283.

284.    Regarding the allegations in paragraph 284, County admits only that Ambler was handcuffed with two (2) sets of handcuffs.   County denies the remainder of the allegations in paragraph 284.

285.    Regarding the allegations in paragraph 285, County admits only that Ambler was handcuffed with two (2) sets of handcuffs.   County denies the remainder of the allegations in paragraph 285.

286.    County denies the allegations in paragraph 286.

287.    County denies the allegations in paragraph 287.

288.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 288 and therefore denies them.

289.    County denies the allegations in paragraph 289.

290.    Regarding the allegations in paragraph 290, County admits only that EMS arrived approximately ten (10) minutes after Ambler crashed his vehicle and came to a stop.   County denies the remainder of the allegations in paragraph 290.

291.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 291 and therefore denies them.

292.    County admits the allegations in paragraph 292.

293.    Regarding the allegations in paragraph 293, County admits only that Ambler's death was pronounced at approximately 2:37 a.m.  County denies the remainder of the allegations in paragraph 293.

294.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 294 and therefore denies them.

295.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 295 and therefore denies them.

296.    County denies the allegations in paragraph 296.

297.    County denies the allegations in paragraph 297.

298.    Regarding the allegations in paragraph 298, County admits only that no weapon was recovered from Ambler's person after the arrest.   County denies the remainder of the allegations in paragraph 298.

299.    County denies the allegations in paragraph 299.

300.    County denies the allegations in paragraph 300.

301.    County denies the allegations in paragraph 301.

302.    County denies the allegations in paragraph 302.

303.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 303 and therefore denies them.

304.    County denies the allegations in paragraph 304.

305.    County denies the allegations in paragraph 305.

306.    County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 306 and therefore denies them.

307.    Regarding the allegations in paragraph 307, County admits only that the Live PD footage of the incident at-issue is no longer available.   County denies the remainder of the allegations in paragraph 307.

308.    Regarding the allegations in paragraph 308, County admits only that Defendant Chody and Defendant Nassour were indicted by a Williamson County grand jury.  County denies the remainder of the allegations in paragraph 308.

309.   County denies the allegations in paragraph 309.

310.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 310 and therefore denies them.

311.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 311 and therefore denies them.

312.   County denies the allegations in paragraph 312.

**H.**     **"Local Leaders Agree that Ambler's Death is Appalling."**

313.   County denies the allegations in paragraph 313 as worded, as a mischaracterization.

314.   County denies the allegations in paragraph 314 as worded, as a mischaracterization.

315.   County admits the allegations in paragraph 315.

316.   County admits the allegations in paragraph 316.

317.   County admits the allegations in paragraph 317.

318.   County lacks knowledge or information sufficient to form a belief about the allegations in paragraph 318 and therefore denies them.

319.   Regarding the allegations in paragraph 319, County admits only that the Commissioners Court did not initiate a removal action against Defendant Chody under state law. County denies the remainder of the allegations in paragraph 319.

320.   Regarding the allegations in paragraph 320, County admits only that Defendant Chody lost the election for Sheriff in November 2020.   County denies the remainder of the allegations in paragraph 320.

## IV.     CAUSES OF ACTION

### A.     Excessive Force § 1983 Claims against Defendants Johnson, Camden, Nissen, and Chody

321.     To the extent paragraph 321 requires a response, County reiterates its admissions and denials for paragraphs 1–320.

322.     The allegations in paragraph 322 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County admits Defendant Johnson and Defendant Camden deployed their Tasers and instructed Ambler to get on the ground, lay on his stomach, and put his hands behind his back.  County denies the remainder of the allegations in paragraph 322.

323.     The allegations in paragraph 323 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

324.     The allegations in paragraph 324 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

325.     The allegations in paragraph 325 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

326.     The allegations in paragraph 326 are directed to Parties other than County, and therefore no response is required.  To the extent a response is required, County denies the allegations.

327.    The allegations in paragraph 327 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

328.    The allegations in paragraph 328 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

329.    The allegations in paragraph 329 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

**B.     § 1983 Deliberate Indifference to a Serious Medical Need against Defendants Camden, Johnson, and Nissen**

330.    To the extent paragraph 330 requires a response, County reiterates its admissions and denials for paragraphs 1–329.

331.    The allegations in paragraph 331 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

332.    The allegations in paragraph 332 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

333.    The allegations in paragraph 333 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

334.    The allegations in paragraph 334 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

**C.    § 1983 *Monell* Claim against Williamson County**

335.    To the extent paragraph 335 requires a response, County reiterates its admissions and denials for paragraphs 1–334.

336.    County denies the allegations in paragraph 336.

337.    County denies the allegations in paragraph 337 and the unnumbered paragraph following paragraph 337.

338.    County denies the allegations in paragraph 338.

339.    County admits Defendant Camden and Defendant Johnson wore their uniforms. County denies "course and scope" is an appropriate legal standard and denies the remainder of the allegations in paragraph 339.

340.    County admits Defendant Chody was a policymaker for the County Sheriff's Office.  County denies the remainder of the allegations in paragraph 340.

341.    County denies the allegations in paragraph 341 and in the bulleted list following paragraph 341.

342.    County denies the allegations in paragraph 342.

343.    County denies the allegations in paragraph 343.

344.    County denies the allegations in paragraph 344.

345.    County denies the allegations in paragraph 345.

346.    County denies the allegations in paragraph 346.

347.    County denies the allegations in paragraph 347.

348.    County denies the allegations in paragraph 348.

349.    County denies the allegations in paragraph 349.

350.    County denies the allegations in paragraph 350.

351.    County denies the allegations in paragraph 351.

**D.      § 1983 *Monell* Claim against the City of Austin under Federal Law**

352.    To the extent paragraph 352 requires a response, County reiterates its admissions and denials for paragraphs 1–351.

353.    The allegations in paragraph 353 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

354.    The allegations in paragraph 354 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

355.    The allegations in paragraph 355 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

356.    The allegations in paragraph 356 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

357.    The allegations in paragraph 357 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

358.    The allegations in paragraph 358 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

359.     The allegations in paragraph 359 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

360.     The allegations in paragraph 360 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

361.     The allegations in paragraph 361 are directed to Parties other than County, and therefore no response is required.   To the extent a response is required, County denies the allegations.

   **E.     Americans with Disabilities Act Claim against Defendants Williamson County and City of Austin**

362.     To the extent paragraph 362 requires a response, County reiterates its admissions and denials for paragraphs 1–361.

363.     County admits paragraph 363 is a correct partial quote of 42 U.S.C. § 12132. County denies the remainder of the allegations of paragraph 363.

364.     The allegations in paragraph 364 are legal conclusions to which no response is required and are therefore denied.

365.     The allegations in paragraph 365 are legal conclusions to which no response is required and are therefore denied.

366.     County denies the allegations in paragraph 366.

367.     County denies the allegations in paragraph 367 and in the bulleted list following paragraph 367.

368.     County denies the allegations in paragraph 368.

F.     **Denial of Access to Courts against Defendants Chody, Williamson County, and Nassour**

369.     To the extent paragraph 369 requires a response, County reiterates its admissions and denials for paragraphs 1–368.

370.     County denies the allegations in paragraph 370.

371.     County denies the allegations in paragraph 371.

372.     County denies the allegations in paragraph 372.

373.     County denies the allegations in paragraph 373.

374.     County denies the allegations in paragraph 374.

375.     County denies the allegations in paragraph 375.

376.     County denies the allegations in paragraph 376.

377.     To the extent paragraph 377 asserts any factual allegations, County admits only that Plaintiffs have filed this lawsuit pursuant to 42 U.S.C. § 1983, but the County denies that Plaintiffs' alleged violations occurred and denies that Plaintiffs are entitled to the relief sought.  County denies the remainder of the allegations in paragraph 377.

V.     <u>**DAMAGES**</u>

378.     County admits the allegations in paragraph 378.

379.     To the extent paragraph 379 requires a response, County reiterates its admissions and denials for paragraphs 1–378.

380.     County denies the allegations in paragraph 380.

381.     The allegations in the first sentence of paragraph 381 are legal conclusions to which no response is required and are therefore denied.  To the extent the first sentence in paragraph 381 asserts factual allegations, County admits only that Plaintiffs seek damages.  County denies the remainder of the allegations in paragraph 381, including subparagraphs a. and b.

382.    The allegations in the first sentence of paragraph 382 are legal conclusions to which no response is required and are therefore denied.  To the extent the first sentence in paragraph 382 asserts factual allegations, County admits only that Plaintiffs seek damages.  County denies the remainder of the allegations in paragraph 382, including subparagraphs a. through d.

383.    County denies the allegations in paragraph 383.

384.    County denies the allegations in paragraph 384.

## VI.   **JURY DEMAND**

385.    County admits Plaintiffs request a jury trial, and County also requests a jury trial.

## VII.   **PRAYER FOR RELIEF**

386.    To the extent Plaintiffs' prayer requires a response, County admits only that Plaintiffs seek relief.  County denies Plaintiffs are entitled to the relief they seek and denies the allegations in 386, including subparagraphs 1) through 6).

## II.   THE COUNTY'S AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing, County asserts the following specific denials, affirmative defenses, and/or non-affirmative defenses:

1.    County pleads Plaintiffs must (but have not) established capacity and standing to represent Ambler's estate in this lawsuit.

2.    County pleads Plaintiffs must (but have not) established that they are proper wrongful death beneficiaries.

3.    County denies Plaintiffs have adequately pled the claims or stated a claim for which relief may be granted.

4.    County would show it is entitled to all governmental, official, and qualified immunities.  County invokes and asserts these immunities.

5.      County denies violating Plaintiffs' or Ambler's constitutional and/or statutory rights.

6.      County denies it has any actual knowledge of any alleged serious risk of harm to Ambler or of any alleged serious medical need.

7.      County denies being deliberately indifferent to any alleged serious risk of harm to Ambler or of any alleged serious medical need.

8.      County would show it provided reasonable medical care appropriate under the circumstances and in reasonable reliance on the medical decisions of medical providers, and in light of information provided by County.

9.      County denies excessive force was used against Ambler.

10.     County would show that only reasonable force necessary to control the scene was used.

11.     County denies discriminating against Ambler in any way.

12.     County pleads that Plaintiffs must (but have not) demonstrated that Ambler had a qualifying disability under the American with Disabilities Act and/or the Rehabilitation Act.

13.     County would show that all its acts or omissions that are the subject of this lawsuit were made in good faith, and were objectively reasonable.  County denies any of its alleged acts or omissions were undertaken maliciously, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.

14.     County would show that liability under Section 1983 cannot be premised on *respondeat superior*, and County denies it is vicariously liable.

15.     County denies any alleged violation of Plaintiffs' or Ambler's constitutional and/or statutory rights was the result of an official County policy or custom.

16.     County denies an official policy or custom of its final policymaker was the moving force behind any alleged violation of Plaintiffs' or Ambler's constitutional and/or statutory rights.

17.     County would show an alleged isolated incident is insufficient to demonstrate the existence of an official custom or practice.

18.     Based on facts that may develop during discovery, County reserves the right to show Plaintiffs' alleged damages, if any, were caused by Ambler or by third Parties over whom the County Defendants had no control.

19.     County would show Plaintiffs' alleged damages, if any, were caused by new and independent causes not reasonably known or foreseen by County.

20.     Based on facts that may develop during discovery, County reserves the right to assert Plaintiffs' alleged damages, if any, are too speculative to form the basis of recovery.

21.     Based on facts that may develop during discovery, County reserves the right to show Plaintiffs and/or Ambler failed to mitigate the alleged damages, if any.

22.     County invokes all statutory and common law damage caps with respect to Plaintiffs' alleged damages.

23.     County denies Plaintiffs are entitled to recover punitive or exemplary damages. County would show it cannot be liable for punitive or exemplary damages.

24.     County would further show the imposition of punitive or exemplary damages in this matter would violate County's due process rights guaranteed by the United States and Texas Constitutions, and would violate the excessive fines' clauses of same.

25.     County also invokes all caps and limits on punitive or exemplary damages as set forth in the Texas Civil Practice and Remedies Code.

County reserves the right to amend this Answer and add additional defenses as discovery may warrant.

### III.   COUNTY'S JURY DEMAND

County asserts its rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### IV.   COUNTY'S PRAYER

County requests the Court enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' lawsuit with prejudice, and award the County all other relief to which it is justly entitled.

Respectfully submitted,

**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com
**Carmen Jo Rejda-Ponce – Of Counsel**
State Bar No. 24079149
Federal I.D. No. 1366666
cjrejdaponce@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**Ben Zinnecker – Of Counsel**
State Bar No. 24066504
bzinnecker@germer-austin.com
**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 South Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288 – Telephone
(512) 472-9260 – Facsimile

**COUNSEL FOR DEFENDANT,**
**WILLIAMSON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I certify that on the 9th day of April, 2021, a true and correct copy of foregoing document was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

**Carmen Jo Rejda-Ponce**