UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Javier Ambler, Sr., et al.,** | |
| Plaintiffs; | |
| v. | Case No. 1:20-cv-1068 |
| **Williamson County, et al.,** | |
| Defendants. | |

**DEFENDANT NASSOUR'S MOTION TO DISMISS UNDER RULE 12(b)(1) AND, ALTERNATIVELY, RULE 12(b)(6)**

## SUMMARY

In deciding this motion, which addresses the one count and cause of action against this Defendant, Jason Nassour, the Court considers the following issues—with all else being immaterial:

1. Whether this Court has jurisdiction to consider Plaintiffs' right of access to the courts claim under 42 U.S.C. § 1983 against Attorney Nassour if it is not ripe for review; and

2. Whether Plaintiffs have pled sufficient factual allegations in support of their right of access to the courts claim under 42 U.S.C. § 1983 to overcome Attorney Nassour's assertion of qualified immunity.

This lawsuit arises from the arrest of Decedent Javier Ambler, II ("Ambler") and related use of force. On March 28, 2019, Ambler was involved in a car chase with two deputies of the Williamson County Sheriff's Department, Defendants James "JJ" Johnson and Zachary Camden. The chase ended when Ambler lost control of his car and crashed. Following the crash, Defendants

Johnson and Camden attempted to place Ambler under arrest at which time he resisted. During this altercation Defendant Michael Nissen, an officer with the Austin Police Department, arrived at the scene. Plaintiffs allege Defendants Johnson, Camden, and Nissen used excessive force against Ambler, which caused his death. Plaintiffs also allege that Defendants Jason Nassour ("Attorney Nassour")[1] and Robert Chody, along with a television production company, agreed to destroy certain video recordings made and held by the production company that purportedly depicted parts of the chase and use of force against Ambler.

Plaintiffs advance numerous causes of action against the various Defendants but bring only one cause of action against Attorney Nassour: a denial of access to the courts claim under 42 U.S.C. § 1983.[2] In addition, Plaintiffs bring the following claims: (1) § 1983 excessive force claim against Defendants Johnson, Camden, Nissen, and Chody; (2) § 1983 deliberate indifference claim against Defendants Johnson, Camden, and Nissen; (3) § 1983 governmental liability claim against Defendant Williamson County; (4) § 1983 municipal liability claim against Defendant City of Austin; and (5) Americans with Disabilities Act claims against Defendants Williamson County and City of Austin.

Plaintiffs' claim against Attorney Nassour must be dismissed by this Court because it is not ripe for consideration given the pendency of Plaintiffs' lawsuit herein and they therefore fail to satisfy their pleading burden. Specifically, Plaintiffs cannot plead that as a result of Attorney Nassour's alleged actions their lawsuit has ended poorly or could not have commenced, as it is ongoing. Therefore, as Fifth Circuit precedent instructs, the only other option for Plaintiffs in these "backward looking" claims is to identify a remedy that is not otherwise available because of

---

[1] Plaintiffs allege that Defendant Nassour was the General Counsel for Williamson County at the time of the events in question. *See* ECF (Doc. 44), Pls.' Am. Compl., ¶ 14.
[2] Pls.' Am. Compl., ¶¶ 369-77.

Attorney Nassour's alleged conduct, and these Plaintiffs have entirely failed to do so. Otherwise, the claim is mere speculation. As such, Plaintiffs' Amended Complaint lacks sufficient factual allegations in support of the third element required to support their right of access to the courts claim, which is to plead a remedy not otherwise available in another suit that may be brought (or is pending).[3] In accordance with controlling Fifth Circuit authority in *Waller v. Hanlon*, such a pleading defect makes Plaintiffs' right of access to the courts claim unripe and deprives this Court of jurisdiction to consider same at this time.[4] As such, and as the Fifth Circuit has instructed, this Court must dismiss Plaintiffs' right of access to the courts claim against Attorney Nassour without prejudice. As the Fifth Circuit pointed out, whether an alleged cover-up permanently compromised the ability to prove up an excessive force case may or may not turn out to be the case, but while the case is pending "it is too early to say."[5]

Alternatively, Plaintiffs not only fail to meet their pleading burden to present the elements of a right of access to the courts claim as summarized above, but also fail to overcome Attorney Nassour's assertion of qualified immunity on the face of their pleadings. Because of their failure to allege factual allegations establishing a violation of their right of access to the courts, Plaintiffs cannot satisfy the first prong of the qualified immunity inquiry—the official violated a statutory or constitutional right. Therefore, Plaintiffs' right of access to the courts claim against Attorney Nassour must be dismissed with prejudice.

---

[3] *Waller v. Hanlon*, 922 F.3d 590, 601–02 (5th Cir. 2019).
[4] *Id.* at 601-03.
[5] *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 414 (2002)).

## ARGUMENTS AND AUTHORITIES

1. **Standard of review.**

a. **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim.[6]

A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, if presumed to be true, sufficiently state a basis for subject-matter jurisdiction. As the party asserting jurisdiction, the plaintiff bears the burden of proving by a preponderance of the evidence that all jurisdictional requirements have been met.[7] The court should dismiss a suit for lack of subject-matter jurisdiction if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.[8]

b. **Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court is authorized to dismiss a complaint when a plaintiff fails to assert a legally sufficient claim for relief.[9] To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[10] To meet this "facial plausibility" standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[11] This requires more than the sheer possibility that the defendant acted

---

[6] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[8] *Id.*
[9] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

unlawfully.[12] When a complaint's well-pled factual allegations are "merely consistent with a defendant's liability," they fail to satisfy the plausibility standard and do not show that plaintiff is entitled to relief.[13]

In considering a Rule 12(b)(6) motion to dismiss, a court generally accepts well-pled facts as true and construes the complaint in the light most favorable to the plaintiff.[14] However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[15] Moreover, a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[16] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[17]

## MOTION TO DISMISS UNDER RULE 12(b)(1)

**2.  Plaintiffs' right of access to the courts claim against Attorney Nassour is unripe as a matter of law and must be dismissed without prejudice.**

"Ripeness ensures that federal courts do not decide disputes that are 'premature or speculative.'"[18] "A case becomes ripe when it 'would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now.'"[19] The ripeness inquiry reflects "'Article III limitations on judicial power' as

---

[12] *Id.* (citing *Twombly*, 550 U.S. at 556).
[13] *Id.* at 678-679.
[14] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).
[15] *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570 ("[A] formulaic recitation of the elements of a cause of action will not do.").
[16] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[17] *Twombly*, 550 U.S. at 555 (internal citations omitted).
[18] *DM Arbor Court, Ltd. v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021) (citing *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000))).
[19] *Id.* (quoting *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010)).

well as 'prudential reasons for refusing to exercise jurisdiction.'"[20] The ripeness doctrine's "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements[.]"[21]

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."[22] "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required."[23]

In the instant case, Plaintiffs' right of access to the courts claim is not ripe because they have not made, and cannot now make, factual allegations demonstrating that any harm has been caused to their existing claims against the Defendants by Attorney Nassour's alleged conduct. In short, as the Fifth Circuit has described it, the Plaintiffs "have not explained what relief the defendants 'alleged misdeeds have cost them."[24] Moreover, the Court recognized the Plaintiffs could not do so while they were actively litigating the claim.

The Fifth Circuit has "recognized a right of access to the courts, which is founded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fifth and Fourteenth Amendment Due Process Clauses of the Constitution."[25] Denial-of-access claims take one of two forms: forward-looking claims alleging "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time," and backward-looking claims alleging that an official action has "caused the loss or inadequate settlement of a

---

[20] *Id.* (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993))).
[21] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)).
[22] *Id.* (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581–82 (1985); *Socialist Labor Party v. Gilligan*, 406 U.S. 583, 588–89 (1972))).
[23] *Id.* (quoting *New Orleans*, 833 F.2d at 587).
[24] *Waller*, 922 F.3d at 602.
[25] *Id.* at 601–02 (citing *Ryland v. Shapiro*, 708 F.2d 967, 971-73 (5th Cir. 1983)).

meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief."[26]

In this lawsuit, Plaintiffs allege a backward-looking claim.[27] "To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought."[28] In fact, "to establish a civil rights claim for violation of a constitutional right of access to the courts, a litigant must show not only that she was denied access to the courts, but that she suffered 'actual injury,' meaning that the actions of the defendants hindered her efforts to pursue her claim."[29] "To state a cognizable claim under § 1983 for denial of access to the courts, a petitioner must show that his position as a litigant was (ultimately) prejudiced."[30] What this means to the Fifth Circuit is that Plaintiffs have to show a reason why a remedy would not be otherwise available in their active lawsuit herein.[31]

Without conceding the merits of Plaintiffs' allegations relating to the first and second elements, this Motion focuses on Plaintiffs' failure to make sufficient allegations to satisfy the third element of their right of access to the courts claim. Specifically, Plaintiffs have failed to explain what remedy is no longer available to them as a result of Attorney Nassour's alleged conduct.

In *Waller v. Hanlon*—a factually analogous case and controlling authority—the Fifth Circuit dismissed a right of access to the courts claim because the plaintiffs had "not explained what relief

---

[26] *Id.* (quoting *Christopher*, 536 U.S. at 413-14).
[27] *See* Pls.' Am. Compl., ¶¶ 370-374.
[28] *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012).
[29] *Lloyd v. Jones*, No. 9:18-CV-211, 2019 WL 4786874, at *11 (E.D. Tex. Sept. 10, 2019), report and recommendation adopted sub nom. *Hopson-Lloyd v. Jones*, No. 9:18-CV-211, 2019 WL 4747850 (E.D. Tex. Sept. 27, 2019) (citing *Burgess v. Rivera Worley*, No. 417CV00782ALMCAN, 2018 WL 7137970, at *6 (E.D. Tex. Dec. 18, 2018), report and recommendation adopted sub nom., No. 4:17-CV-782, 2019 WL 342152 (E.D. Tex. Jan. 28, 2019)).
[30] *Burgess*, 2018 WL 7137970 at *6.
[31] *Waller*, 922 F.3d at 602 (citing *McRae*, 702 F.3d at 831).

the defendants' alleged misdeeds have cost them."[32] In *Waller*, the plaintiffs premised their backward-looking right of access to the courts claims on the theory that the defendants' alleged coverup frustrated an excessive force claim against a co-defendant. When the Fifth Circuit rendered its opinion, the plaintiffs were actively litigating that excessive force claim. As such, the Fifth Circuit concluded that there was "no reason to believe the remedy the plaintiffs seek 'is not otherwise available' in their active lawsuit against [the co-defendant]."[33] The Fifth Circuit emphasized that unless and until the plaintiffs' claim suffered some concrete setback "traceable to the defendants' alleged coverup", then any allegation the defendants impaired their efforts to prosecute the claim is "no more than speculation about an event that may or may not come to pass."[34] Taking an understandably pragmatic approach consistent with this precedent, the Fifth Circuit referenced the U.S. Supreme Court's position that there is no point spending time and money to establish facts constituting a denial of access when a plaintiff may end up just as well off after litigating the case without that element.[35]

The same procedural history exists in this lawsuit. Plaintiffs have filed a 52-page Amended Complaint with numerous causes of action arising from allegations of excessive force and Ambler's death. That Amended Complaint does not identify a single remedy that is no longer available to them because of Attorney Nassour's alleged conduct. To the contrary, Plaintiffs would likely argue that they have successfully pled § 1983 claims against the co-Defendants. Given the pending status of Plaintiffs' claims, it is impossible to determine whether any alleged conduct by Attorney Nassour "actually injured" Plaintiffs or deprived them of any remedies in their pending lawsuit.

---

[32] *Id*.
[33] *Id*.
[34] *Id*.
[35] *Id*. (citing *Christopher*, 536 U.S. at 415).

For these reasons, Plaintiffs' right of access to the courts claim is not ripe because their suit is still pending and their relief and remedies have yet to be determined. Therefore, this Court must dismiss Plaintiffs' right of access to the courts claim against Attorney Nassour without prejudice.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

3. **Alternatively, this Court should dismiss Plaintiffs' § 1983 right of access to the courts claim, because Plaintiffs fail to satisfy their pleading burden as to the elements of their claim and fail to overcome Attorney Nassour's assertion of qualified immunity.**

In the prior section of this Motion, the Plaintiffs' failure to plead so as to convey subject matter jurisdiction overlaps with their failure to adequately plead all of the required elements of their cause of action against Attorney Nassour. Those arguments need not be repeated, but the failure to plead the elements of a cause of action also gives rise to dismissal under Rule 12(b)(6). Similarly, the failure to plead such required elements also results in a failure to overcome qualified immunity for Attorney Nassour as no constitutional violation has been established.

Qualified immunity is a long-established doctrine designed to protect all government officials, except for the plainly incompetent or those who knowingly violate the law.[36] Qualified immunity protects a government official from liability for civil damages when his actions could at the very least "reasonably have been believed to be legal."[37] A plaintiff bears the burden to plead facts to overcome a government official's entitlement to qualified immunity.[38] As the Fifth Circuit Court of Appeals has repeatedly stated, such burden carries "a demanding standard."[39] To satisfy

---

[36] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)) (per curiam).
[37] *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc).
[38] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).
[39] S*ee Lincoln v. Scott*, 887 F.3d 190, 196 (5th Cir. 2018); *Salazar-Limon v. City of Hous.*, 826 F.3d 272, 277 (5th Cir. 2016), as revised (June 16, 2016); *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015).

this demanding standard, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a [qualified immunity] defense with equal specificity."[40]

To determine whether a government official is entitled to qualified immunity, a court must conduct a two-prong inquiry.[41] A plaintiff must plead facts showing that (1) the official violated a statutory or constitutional right, and (2) the official's conduct was objectively unreasonable in light of the clearly established law at the time of the challenged conduct.[42]

Based on the arguments and legal authorities previously presented above, Plaintiffs have not satisfied their pleading burden as to the third element of their right of access to the courts claim. As such, they fail to meet their burden to demonstrate a violation of a statutory or constitutional right under the first prong of the qualified immunity inquiry. Therefore, Plaintiffs have not met their pleading burden to overcome Attorney Nassour's assertion of qualified immunity.

## CONCLUSION

For these reasons, Defendant, Attorney Jason Nassour, asks this Court to grant this motion to dismiss in its entirety and dismiss Plaintiffs' claim against him. Attorney Nassour further requests that Plaintiffs take nothing by their claim against him, that all relief requested by Plaintiffs pursuant to the claim against him be denied, and that Attorney Nassour recover all costs of suit, attorney's fees, and any further relief to which he may be justly entitled.

---

[40] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).
[41] *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015).
[42] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotations omitted).

Respectfully submitted,

By: /s/ Darrell G-M Noga
DARRELL G-M NOGA
Texas Bar No. 00785326
darrell@brownfoxlaw.com
CHRISTOPHER A. KLEMENT
Texas Bar No. 24090212
chris@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327-5001

**ATTORNEYS FOR DEFENDANT JASON NASSOUR**

### CERTIFICATE OF SERVICE

On April 20, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: /s/ Darrell G-M Noga
DARRELL G-M NOGA