**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAVIER AMBLER, SR., and MARITZA** | § | |
| **AMBLER, individually, on behalf of all** | § | |
| **wrongful death beneficiaries of JAVIER** | § | |
| **AMBLER, II, on behalf of the ESTATE** | § | |
| **OF JAVIER AMBLER, II, and as next** | § | |
| **friends of J.R.A., a minor child; and** | § | |
| **MICHELE BEITIA, as next friend of** | § | |
| **J.A.A., a minor child,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 1:20-CV-1068** |
| **WILLIAMSON COUNTY, ROBERT** | § | **Jury Trial Demanded** |
| **CHODY, JAMES "JJ" JOHNSON,** | § | |
| **ZACHARY CAMDEN, MICHAEL** | § | |
| **NISSEN, CITY OF AUSTIN, and** | § | |
| **JASON NASSOUR,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT ROBERT CHODY'S ORIGINAL ANSWER TO PLAINTIFFS'**
**<u>FIRST AMENDED COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Robert Chody ("Defendant"), one of the named Defendants in the

above-entitled and numbered cause, and makes and files this his Original Answer to Plaintiffs'

First Amended Complaint (hereafter, "Plaintiffs' Complaint"), showing unto the Court as follows:

**I.**
**<u>PARTIES</u>**

*A.  Plaintiffs*

1.      Defendant is without information or knowledge sufficient to form a belief as to the

truth of Plaintiffs' allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.      Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 6 of Plaintiffs' Complaint.

*B. Defendants*

7.      Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Defendant admits he was a policymaker of Williamson County Sheriff's Office while he was the Williamson County Sheriff. Otherwise, Defendant denies as worded the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.      Defendant admits he was a policymaker of Williamson County Sheriff's Office while he was the Williamson County Sheriff. Otherwise, Defendant denies as worded the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

10.     Defendant admits he was the elected Sheriff of Williamson County, was a policy maker for the Williamson County Sheriff's Office and was acting under color of law.  Defendant further admits he is a resident of Williamson County and that he has been served in this case. Otherwise, Defendant denies as worded the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendant admits Defendant Johnson was a Williamson County Sheriff's Office Deputy and was acting under color of law during the relevant time.  Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations regarding Johnson's current employment and where he can be served. Defendant denies as worded the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits Defendant Camden was a Williamson County Sheriff's Office Deputy and was acting under color of law during the relevant time.  Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations regarding Camden's current employment and where he can be served. Defendant denies as worded the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Defendant admits the allegations contained in the first and third sentences of Paragraph 14 of Plaintiffs' Complaint.  Defendant denies as worded the second sentence of Paragraph 14. Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in the fourth sentence of Paragraph 14.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 15 of Plaintiffs' Complaint.

## II.
## JURISDICTION AND VENUE

16.     Defendant admits that Plaintiffs brought claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. Defendants admit that this Court has jurisdiction. Defendant denies that Plaintiffs are entitled to any relief which they seek.

17.     Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Defendant admits that this Court has jurisdiction over Defendant Williamson County. Otherwise, Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendant admits that this Court has jurisdiction over this Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' jurisdictional allegations regarding the other Defendants but does not contest jurisdiction. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendant admits that this Court has jurisdiction over Defendant City of Austin. Otherwise, Defendant denies as worded the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendant admits that venue is proper.

### III.
### FACTS

23.     Defendant admits the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

**A.      Defendant denies the allegations contained in this subtitle.**

26.      Defendant denies as worded the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.      Defendant admits the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.      Defendant admits that Big Fish Live PD producers and camera operators ride with police officers to record their activities for broadcast. Otherwise, Defendant denies as worded the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.      Defendant denies as worded the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.      Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.      Defendant denies as worded the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.      Defendant denies as worded the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.      Defendant admits the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.      Without context, Defendant can neither admit or deny these allegations contained in Paragraph 34 of Plaintiffs' Complaint; accordingly, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Defendant admits the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendant admits the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies as worded the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendant denies as worded the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Defendant denies as worded the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in the first sentence of Paragraph 41. Defendant denies the allegations contained in the second sentence of Paragraph 41 of Plaintiffs' Complaint.

42.     Defendant denies as worded the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendant denies as worded the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendant denies as worded the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Defendant denies as worded the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Defendant denies as worded the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Defendant denies as worded the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendant denies as worded the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendant denies as worded the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Defendant denies as worded the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Defendant denies as worded the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     Defendant denies as worded the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendant admits that the County sent a termination letter to Big Fish. Otherwise, Defendant denies as worded the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80.     Defendant admits that Live PD filmed after August 2019. Otherwise, Defendant denies as worded the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendant denies as worded the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Defendant admits he was sued by the Williamson County Commissioners Court in May of 2020; otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Defendant denies as worded the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendant denies as worded the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in the first sentence of Paragraph 87 of Plaintiffs' Complaint.  Defendant denies the allegations contained in the second sentence of Paragraph 87.

88.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.     Defendant denies the allegations contained in the first sentence of Paragraph 90 of Plaintiffs' Complaint.  Defendant admits the allegations contained in the second sentence of Paragraph 90 of Plaintiffs' Complaint.

91.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendant denies as worded the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Defendant denies as worded the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 99 of Plaintiffs' Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Defendant denies as worded the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendant denies he had an ongoing policy of violating the Constitutional Rights of Williamson County residents. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' remaining allegations contained in Paragraph 103 of Plaintiffs' Complaint.

**B.    Defendant denies as worded the allegations contained in this subtitle.**

104.    Defendant admits the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Defendant admits that Dan Abrams hosted the show in studio. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendant denies as worded the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 115 of Plaintiffs' Complaint.

**C.     Defendant denies as worded the allegations contained in this subtitle.**

116.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.    Defendant admits that @sheriffchody was his Twitter handle. Otherwise, Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.    Defendant denies that he chose police tactics based on whether they would earn points in an online fantasy league game as alleged in Paragraph 135 of Plaintiffs' Complaint.

136.    Defendant denies the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.    Defendant denies the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

**D.    Defendant denies the allegations contained in this subtitle.**

138.    Defendant admits that the County entered into "Access Agreements" with Big Fish in 2018 and 2019. Otherwise, Defendant denies as worded the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.    Defendant admits that Agreements were signed with Big Fish but is not sure as to the years. Otherwise, Defendant denies as worded the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.    Defendant denies as worded the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.     Defendant denies as worded the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.     Defendant denies as worded the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.     Defendant admits the allegations contained in Paragraph 143 of Plaintiffs' Complaint.

144.     Defendant admits the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.     Defendant admits the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.     Defendant admits the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

**E.     Defendant denies the allegations contained in this subtitle.**

147.     Defendant denies the allegations contained in Paragraph 147 of Plaintiffs' Complaint.

148.     Defendant admits the allegations contained in Paragraph 148 of Plaintiffs' Complaint.

149.     Defendant denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.     Defendant admits the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.     Defendant admits the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.    Defendant denies as worded the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

153.    Defendant denies as worded the allegations contained in Paragraph 153 of Plaintiffs' Complaint.

154.    Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.    Defendant admits that the City of Austin paid a $30,000 settlement to settle all claims against all parties involved. Otherwise, Defendant denies as worded the allegations contained in Paragraph 155 of Plaintiffs' Complaint.

156.    Defendant admits that he did nothing wrong.

157.    Defendant denies the allegations contained in Paragraph 157 of Plaintiffs' Complaint.

158.    Defendant denies the allegations contained in Paragraph 158 of Plaintiffs' Complaint.

159.    Defendant admits the allegations contained in Paragraph 159 of Plaintiffs' Complaint.

160.    Defendant admits that he did nothing wrong; otherwise, Defendant denies the allegations contained in Paragraph 160 of Plaintiffs' Complaint.

161.    Defendant denies as worded the allegations contained in Paragraph 161 of Plaintiffs' Complaint.

162.    Defendant denies the allegations contained in Paragraph 162 of Plaintiffs' Complaint.

163.     Defendant denies the allegations contained in Paragraph 163 of Plaintiffs' Complaint.

164.     Defendant denies the allegations contained in Paragraph 164 of Plaintiffs' Complaint.

165.     Defendant denies the allegations contained in Paragraph 165 of Plaintiffs' Complaint.

166.     Defendant denies the allegations contained in Paragraph 166 of Plaintiffs' Complaint.

167.     Defendant denies the allegations contained in Paragraph 167 of Plaintiffs' Complaint.

168.     Defendant denies the allegations contained in Paragraph 168 of Plaintiffs' Complaint.

169.     Defendant denies the allegations contained in Paragraph 169 of Plaintiffs' Complaint.

170.     Defendant denies the allegations contained in the first sentence of Paragraph 170 of Plaintiffs' Complaint.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170 of Plaintiffs' Complaint.

171.     Defendant admits that the instructor resigned before termination. Otherwise, Defendant denies as worded the allegations contained in Paragraph 171 of Plaintiffs' Complaint.

172.     Defendant denies the allegations contained in Paragraph 172 of Plaintiffs' Complaint.

173.     Defendant denies the allegations contained in Paragraph 173 of Plaintiffs' Complaint.

174.     Defendant denies the allegations contained in Paragraph 174 of Plaintiffs' Complaint.

**F.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in this subtitle.**

175.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 175 of Plaintiffs' Complaint.

176.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 176 of Plaintiffs' Complaint.

177.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 177 of Plaintiffs' Complaint.

178.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 178 of Plaintiffs' Complaint.

179.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 179 of Plaintiffs' Complaint.

180.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 180 of Plaintiffs' Complaint.

181.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 181 of Plaintiffs' Complaint.

182.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 182 of Plaintiffs' Complaint.

183.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 183 of Plaintiffs' Complaint.

184.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 184 of Plaintiffs' Complaint.

185.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 185 of Plaintiffs' Complaint.

186.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 186 of Plaintiffs' Complaint.

187.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 187 of Plaintiffs' Complaint.

188.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 188 of Plaintiffs' Complaint.

189.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 189 of Plaintiffs' Complaint.

190.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 190 of Plaintiffs' Complaint.

191.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 191 of Plaintiffs' Complaint.

192.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 192 of Plaintiffs' Complaint.

193.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 193 of Plaintiffs' Complaint.

194.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 194 of Plaintiffs' Complaint.

195.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 195 of Plaintiffs' Complaint.

196.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 196 of Plaintiffs' Complaint.

197.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 197 of Plaintiffs' Complaint.

**G.    Defendant denies the allegations contained in this subtitle.**

198.    Defendant admits the allegations contained in Paragraph 198 of Plaintiffs' Complaint.

199.    Defendant admits that Ambler was driving on March 28, 2019 around 1:23 a.m. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 199 of Plaintiffs' Complaint.

200.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 200 of Plaintiffs' Complaint.

201.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 201 of Plaintiffs' Complaint.

202.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 202 of Plaintiffs' Complaint.

203.    Defendant admits that Defendants Johnson and Camden were on duty the night of the incident. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 203 of Plaintiffs' Complaint.

204.     Defendant admits that Defendant Johnson was hired by the Williamson County Sheriff's Office on November 30, 2018. Otherwise, Defendant denies the allegations contained in Paragraph 204 of Plaintiffs' Complaint.

205.     Defendant admits that Defendant Camden was hired by the Williamson County Sheriff's Office on February 8, 2019. Otherwise, Defendant denies the allegations contained in Paragraph 205 of Plaintiffs' Complaint.

206.     Defendant admits that Defendants Johnson and Camden were accompanied by Live PD camera crews. Defendant further admits that Colin Mike rode with Defendant Johnson and Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden. Otherwise, Defendant denies as worded the allegations contained in Paragraph 206 of Plaintiffs' Complaint.

207.     Defendant admits that when Defendant Johnson passed Ambler, Ambler failed to dim his lights. Otherwise, Defendant denies as worded the allegations contained in Paragraph 207 of Plaintiffs' Complaint.

208.     Defendant admits that when Defendant Johnson turned around to pull Ambler over, Ambler took off. Otherwise, Defendant denies as worded the allegations contained in Paragraph 208 of Plaintiffs' Complaint.

209.     Defendant denies the allegations contained in Paragraph 209 of Plaintiffs' Complaint.

210.     Defendant denies as worded the allegations contained in Paragraph 210 of Plaintiffs' Complaint.

211.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 211 of Plaintiffs' Complaint.

212.     Defendant admits that Defendants Johnson and Camden were accompanied by Live PD camera crews. Defendant further admits that Colin Mike rode with Defendant Johnson and Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden. Defendant further admits that the Live PD camera crew recorded some of Defendants Johnson's and Camden's pursuit of Ambler. Otherwise, Defendant denies as worded the allegations contained in Paragraph 212 of Plaintiffs' Complaint.

213.     Defendant denies as worded the allegations contained in Paragraph 213 of Plaintiffs' Complaint.

214.     Defendant denies as worded the allegations contained in Paragraph 214 of Plaintiffs' Complaint.

215.     Defendant admits the allegations contained in Paragraph 215 of Plaintiffs' Complaint.

216.     Defendant admits that Jeff Moriarty and Ruby Garson Tarzian rode with Defendant Camden.  Defendant also admits that the Live PD camera crew recorded some of Defendant Camden's pursuit of Ambler. Otherwise, Defendant denies as worded the allegations contained in Paragraph 216 of Plaintiffs' Complaint.

217.     Defendant denies as worded the allegations contained in Paragraph 217 of Plaintiffs' Complaint.

218.     Defendant denies the allegations contained in Paragraph 218 of Plaintiffs' Complaint.

219.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 219 of Plaintiffs' Complaint.

220.     Defendant admits that the total length of pursuit of Ambler was over twenty minutes. Otherwise, Defendant denies as worded the allegations contained in Paragraph 220 of Plaintiffs' Complaint.

221.     Defendant denies as worded the allegations contained in Paragraph 221 of Plaintiffs' Complaint.

222.     Defendant admits that the pursuit did not violate WCSO policy. Defendant denies the remaining allegations contained in Paragraph 222 of Plaintiffs' Complaint.

223.     Defendant admits the allegations contained in Paragraph 223 of Plaintiffs' Complaint.

224.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 224 of Plaintiffs' Complaint.

225.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 225 of Plaintiffs' Complaint.

226.     Defendant admits that Ambler's vehicle came to a stop after it became disabled after multiple crashes. Otherwise, Defendant denies as worded the allegations contained in Paragraph 226 of Plaintiffs' Complaint.

227.     Defendant admits that Colin Mika and Jeff Moriarty recorded some of the officers' interactions with Ambler after the pursuit ended. Otherwise, Defendant denies as worded the allegations contained in Paragraph 227 of Plaintiffs' Complaint.

228.     Defendant admits the allegations contained in Paragraph 228 of Plaintiffs' Complaint.

229.     Defendant admits the allegations contained in Paragraph 229 of Plaintiffs' Complaint.

230.     Defendant admits the allegations contained in Paragraph 230 of Plaintiffs' Complaint.

231.     Defendant admits that Colin Mika and Jeff Moriarty recorded some of the officers' interactions with Ambler after the pursuit ended. Otherwise, Defendant denies the allegations contained in Paragraph 231 of Plaintiffs' Complaint.

232.     Defendant denies the allegations contained in Paragraph 232 of Plaintiffs' Complaint.

233.     Defendant admits the allegations contained in Paragraph 233 of Plaintiffs' Complaint.

234.     Defendant denies as worded the allegations contained in Paragraph 234 of Plaintiffs' Complaint.

235.     Defendant denies as worded the allegations contained in Paragraph 235 of Plaintiffs' Complaint.

236.     Defendant denies the allegations contained in Paragraph 236 of Plaintiffs' Complaint.

237.     Defendant admits the allegations contained in Paragraph 237 of Plaintiffs' Complaint.

238.     Defendant admits the allegations contained in Paragraph 238 of Plaintiffs' Complaint.

239.     Defendant denies as worded the allegations contained in Paragraph 239 of Plaintiffs' Complaint.

240.     Defendant admits that Johnson commanded Ambler to get down on the ground. Otherwise, Defendant denies as worded the allegations contained in Paragraph 240 of Plaintiffs' Complaint.

241.     Defendant denies the allegations contained in Paragraph 241 of Plaintiffs' Complaint.

242.     Defendant admits that Defendant Johnson deployed his taser. Otherwise, Defendant denies the allegations contained in Paragraph 242 of Plaintiffs' Complaint.

243.     Defendant denies as worded the allegations contained in Paragraph 243 of Plaintiffs' Complaint.

244.     Defendant denies as worded the allegations contained in Paragraph 244 of Plaintiffs' Complaint.

245.     Defendant admits that Defendant Camden arrived on scene with Jeff Moriarty and Ruby Garrison Tarzian. Otherwise, Defendant denies as worded the allegations contained in Paragraph 245 of Plaintiffs' Complaint.

246.     Defendant admits that Defendant Camden deployed his Taser. Otherwise, Defendant denies as worded the allegations contained in Paragraph 246 of Plaintiffs' Complaint.

247.     Defendant admits that Colin Mika and Jeff Moriarty recorded some of the officers' interactions with Ambler. Otherwise, Defendant denies as worded the allegations contained in Paragraph 247 of Plaintiffs' Complaint.

248.     Defendant admits that a Taser was deployed a third time. Otherwise, Defendant denies as worded the allegations contained in Paragraph 248 of Plaintiffs' Complaint.

249.     Defendant admits the allegations contained in Paragraph 249 of Plaintiffs' Complaint.

250.     Defendant admits that the officers repeatedly commanded Ambler to give them his hands and to lay on the ground so they could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 250 of Plaintiffs' Complaint.

251.     Defendant denies as worded the allegations contained in Paragraph 251 of Plaintiffs' Complaint.

252.     Defendant denies as worded the allegations contained in Paragraph 252 of Plaintiffs' Complaint.

253.     Defendant denies as worded the allegations contained in Paragraph 253 of Plaintiffs' Complaint.

254.     Defendant admits that Ambler stated he could not breathe at some point during his interactions with the Officers. Otherwise, Defendant denies as worded the allegations contained in Paragraph 254 of Plaintiffs' Complaint.

255.     Defendant admits the officers continued their attempts to handcuff Ambler and instructed him to comply with their attempts. Otherwise, Defendant denies as worded the allegations contained in Paragraph 255 of Plaintiffs' Complaint.

256.     Defendant denies as worded the allegations contained in Paragraph 256 of Plaintiffs' Complaint.

257.     Defendant admits that officers instructed Ambler to give them his hands so they could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 257 of Plaintiffs' Complaint.

258.     Defendant denies as worded the allegations contained in Paragraph 258 of Plaintiffs' Complaint.

259.     Defendant admits that the officers instructed Ambler to lay on his stomach so the officers could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 259 of Plaintiffs' Complaint.

260.     Defendant admits that Ambler stated he could not breathe at some point during his interactions with the officers. Otherwise, Defendant denies as worded the allegations contained in Paragraph 260 of Plaintiffs' Complaint.

261.     Defendant denies as worded the allegations contained in Paragraph 261 of Plaintiffs' Complaint.

262.     Defendant admits that Ambler stated he could not breathe at some point during his interactions with the officers. Otherwise, Defendant denies as worded the allegations contained in Paragraph 262 of Plaintiffs' Complaint.

263.     Defendant admits that officers instructed Ambler to lay on his stomach so they could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 263 of Plaintiffs' Complaint.

264.     Defendant denies the allegations contained in Paragraph 264 of Plaintiffs' Complaint.

265.     Defendant admits that the officers instructed Ambler to stop resisting. Otherwise, Defendant denies as worded the allegations contained in Paragraph 265 of Plaintiffs' Complaint.

266.     Defendant admits that Ambler stated he could not breathe at some point during his interactions with the officers. Otherwise, Defendant denies as worded the allegations contained in Paragraph 266 of Plaintiffs' Complaint.

267.     Defendant admits the allegations contained in Paragraph 267 of Plaintiffs' Complaint.

268.   Defendant denies as worded the allegations contained in Paragraph 268 of Plaintiffs' Complaint.

269.   Defendant admits that Nissen held Ambler's arm and pulled it behind his back to cuff Ambler. Otherwise, Defendant denies as worded the allegations contained in Paragraph 269 of Plaintiffs' Complaint.

270.   Defendant admits that Ambler stated he could not breathe at some point during his interactions with the officers. Otherwise, Defendant denies as worded the allegations contained in Paragraph 270 of Plaintiffs' Complaint.

271.   Defendant admits that Nissen helped the Defendant officers pull Ambler's arm behind his back to cuff Ambler. Otherwise, Defendant denies as worded the allegations contained in Paragraph 271 of Plaintiffs' Complaint.

272.   Defendant denies the allegations contained in Paragraph 272 of Plaintiffs' Complaint.

273.   Defendant admits that Ambler resisted the officers attempts to lay him on the ground and handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 273 of Plaintiffs' Complaint.

274.   Defendant denies as worded the allegations contained in Paragraph 274 of Plaintiffs' Complaint.

275.   Defendant denies the allegations contained in Paragraph 275 of Plaintiffs' Complaint.

276.   Defendant denies as worded the allegations contained in Paragraph 276 of Plaintiffs' Complaint.

277.     Defendant admits that officers instructed Ambler to lay on his stomach so they could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 277 of Plaintiffs' Complaint.

278.     Defendant denies the allegations contained in Paragraph 278 of Plaintiffs' Complaint.

279.     Defendant admits that officers instructed Ambler to lay on his stomach so they could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 279 of Plaintiffs' Complaint.

280.     Defendant admits that a Taser was deployed and that officers instructed Ambler to lay on his stomach so they could handcuff him. Otherwise, Defendant denies as worded the allegations contained in Paragraph 280 of Plaintiffs' Complaint.

281.     Defendant denies as worded the allegations contained in Paragraph 281 of Plaintiffs' Complaint.

282.     Defendant denies as worded the allegations contained in Paragraph 282 of Plaintiffs' Complaint.

283.     Defendant denies the allegations contained in Paragraph 283 of Plaintiffs' Complaint.

284.     Defendant denies as worded the allegations contained in Paragraph 284 of Plaintiffs' Complaint.

285.     Defendant admits that Ambler was handcuffed with two sets of handcuffs. Otherwise, Defendant denies as worded the allegations contained in Paragraph 285 of Plaintiffs' Complaint.

286.     Defendant denies the allegations contained in Paragraph 286 of Plaintiffs' Complaint.

287.     Defendant denies the allegations contained in Paragraph 287 of Plaintiffs' Complaint.

288.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 288 of Plaintiffs' Complaint.

289.     Defendant denies the allegations contained in Paragraph 289 of Plaintiffs' Complaint.

290.     Defendant admits that EMS arrived approximately ten minutes after Ambler crashed his vehicle and came to a stop. Otherwise, Defendant denies as worded the allegations contained in Paragraph 290 of Plaintiffs' Complaint.

291.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 291 of Plaintiffs' Complaint.

292.     Defendant admits the allegations contained in Paragraph 292 of Plaintiffs' Complaint.

293.     Defendant admits that Ambler's death was pronounced at approximately 2:37 a.m. Otherwise, Defendant denies as worded the allegations contained in Paragraph 293 of Plaintiffs' Complaint.

294.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 294 of Plaintiffs' Complaint.

295.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 295 of Plaintiffs' Complaint.

296.     Defendant denies the allegations contained in Paragraph 296 of Plaintiffs' Complaint.

297.     Defendant denies the allegations contained in Paragraph 297 of Plaintiffs' Complaint.

298.     Defendant admits that Ambler did not have a weapon on him at the time of arrest. Otherwise, Defendant denies as worded the allegations contained in Paragraph 298 of Plaintiffs' Complaint.

299.     Defendant denies the allegations contained in Paragraph 299 of Plaintiffs' Complaint.

300.     Defendant denies the allegations contained in Paragraph 300 of Plaintiffs' Complaint.

301.     Defendant denies the allegations contained in Paragraph 301 of Plaintiffs' Complaint.

302.     Defendant denies the allegations contained in Paragraph 302 of Plaintiffs' Complaint.

303.     Defendant denies as worded the allegations contained in Paragraph 303 of Plaintiffs' Complaint.

304.     Defendant denies the allegations contained in Paragraph 304 of Plaintiffs' Complaint.

305.     Defendant denies the allegations contained in Paragraph 305 of Plaintiffs' Complaint.

306.     To the extent this paragraph contains allegations regarding Defendant, Defendant denies the same. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 306 of Plaintiffs' Complaint.

307.     Defendant denies as worded the allegations contained in Paragraph 307 of Plaintiffs' Complaint.

308.     Defendant admits that he has been indicted by a Williamson County grand jury and a Travis County grand jury for allegedly destroying evidence related to the Ambler case. Defendant denies that he destroyed any evidence as alleged in Paragarph 308 of Plaintiffs' Complaint.

309.     Defendant denies the allegations contained in Paragraph 309 of Plaintiffs' Complaint.

310.     Defendant denies the allegations contained in Paragraph 310 of Plaintiffs' Complaint.

311.     Defendant admits that he would go on podcasts to talk about his Deputies. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 311 of Plaintiffs' Complaint.

312.     Defendant admits that Johnson was promoted to sergeant; otherwise, Defendant denies as worded the allegations contained in Paragraph 312 of Plaintiffs' Complaint.

**H.  Defendant denies the allegations contained in this subtitle.**

313.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 313 of Plaintiffs' Complaint.

314.     Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 314 of Plaintiffs' Complaint.

315.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 315 of Plaintiffs' Complaint.

316.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 316 of Plaintiffs' Complaint.

317.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 317 of Plaintiffs' Complaint.

318.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 318 of Plaintiffs' Complaint.

319.    Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiffs' allegations contained in Paragraph 319 of Plaintiffs' Complaint.

320.    Defendant admits that he lost the election for Sheriff in November 2020. Otherwise, Defendant denies as worded the allegations contained in Paragraph 320 of Plaintiffs' Complaint.

## IV.
## CAUSES OF ACTION

### A.    EXCESSIVE FORCE § 1983 CLAIMS AGAINST DEFENDANTS JOHNSON, CAMDEN, NISSEN AND CHODY

321.    Defendant incorporates by reference his responses to the previous allegations.

322.    Defendant denies the allegations contained in Paragraph 322 of Plaintiffs' Complaint.

323.    Defendant denies the allegations contained in Paragraph 323 of Plaintiffs' Complaint.

324.    Defendant denies the allegations contained in Paragraph 324 of Plaintiffs' Complaint.

325.    Defendant denies the allegations contained in Paragraph 325 of Plaintiffs' Complaint.

326.    Defendant denies the allegations contained in Paragraph 326 of Plaintiffs' Complaint.

327.    Defendant denies the allegations contained in Paragraph 327 of Plaintiffs' Complaint.

328.    Defendant denies the allegations contained in Paragraph 328 of Plaintiffs' Complaint.

329.    Defendant denies the allegations contained in Paragraph 329 of Plaintiffs' Complaint.

## B.    § 1983 DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST DEFEDANTS CAMDEN, JOHNSON, AND NISSEN

330.    Defendant incorporates by reference his responses to the previous allegations.

331.    As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 331 of Plaintiffs' Complaint.

332.    As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 332 of Plaintiffs' Complaint.

333.    As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 333 of Plaintiffs' Complaint.

334.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 334 of Plaintiffs' Complaint.

### C.     § 1983 *MONELL* CLAIM AGAINST WILLIAMSON COUNTY

335.     Defendant incorporates by reference his responses to the previous allegations.

336.     Defendant denies the allegations contained in Paragraph 336 of Plaintiffs' Complaint.

337.     Defendant denies the allegations contained in the first sentence of Paragraph 337 of Plaintiffs' Complaint. Defendant admits that Defendants Camden and Johnson were acting under color of law during the relevant time.

338.     Defendant admits he was acting under color of law as alleged in Paragraph 338 of Plaintiffs' Complaint. Otherwise, Defendant denies as worded the allegations contained in this Paragraph.

339.     Defendant admits that Defendants Camden and Johnson were wearing their uniforms and acting in the course and scope of their duties as Williamson County deputies during the incident with Ambler. Otherwise, Defendant denies as worded the allegations contained in Paragraph 339 of Plaintiffs' Complaint.

340.     Defendant admits that he was a policymaker for the County Sheriff's Office. Otherwise, Defendant denies as worded the allegations contained in Paragraph 340 of Plaintiffs' Complaint.

341.     Defendant denies the allegations contained in Paragraph 341 of Plaintiffs' Complaint.

342.     Defendant denies the allegations contained in Paragraph 342 of Plaintiffs' Complaint.

343.     Defendant denies the allegations contained in Paragraph 343 of Plaintiffs' Complaint.

344.     Defendant denies the allegations contained in Paragraph 344 of Plaintiffs' Complaint.

345.     Defendant denies the allegations contained in Paragraph 345 of Plaintiffs' Complaint.

346.     Defendant denies the allegations contained in Paragraph 346 of Plaintiffs' Complaint.

347.     Defendant denies the allegations contained in Paragraph 347 of Plaintiffs' Complaint.

348.     Defendant denies the allegations contained in Paragraph 348 of Plaintiffs' Complaint.

349.     Defendant denies as worded the allegations contained in Paragraph 349 of Plaintiffs' Complaint.

350.     Defendant denies the allegations contained in Paragraph 350 of Plaintiffs' Complaint.

351.     Defendant denies the allegations contained in Paragraph 351 of Plaintiffs' Complaint.

### D.     § 1983 *MONELL* CLAIM AGAINST THE CITY OF AUSTIN UNDER FEDERAL LAW

352.     Defendant incorporates by reference his responses to the previous allegations.

353.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 353.

354.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 354.

355.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 355.

356.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 356.

357.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 357.

358.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 358.

359.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 359.

360.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 360.

361.     As these allegations do not pertain to this Defendant, no response is necessary to this paragraph. However, to the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 361.

### E.     AMERICANS   WITH   DISABILITIES   ACT   CLAIM   AGAINST DEFENDANTS WILLIAMSON COUNTY AND CITY OF AUSTIN

362.     Defendant incorporates by reference his responses to the previous allegations.

363.     To the extent Paragraph 363 contains Plaintiffs' interpretation of law, Defendant refers to, and incorporates into his response, the actual statutory language of Title II of the ADA, 42 U.S.C. § 12132.

364.     To the extent Paragraph 364 contains Plaintiffs' interpretation of law, Defendant refers to, and incorporates into its response, the actual statutory language of Title II of the ADA, 42 U.S.C. § 12132. Otherwise, as these allegations do not pertain to this Defendant, no response is necessary. However, to the extent a response is deemed required, Defendant denies that he violated Title II of the ADA.

365.     To the extent Paragraph 365 contains Plaintiffs' interpretation of law, Defendant refers to, and incorporates into its response, the actual statutory language of Title II of the ADA, 42 U.S.C. § 12132. Otherwise, as these allegations do not pertain to this Defendant, no response is necessary. However, to the extent a response is deemed required, Defendant denies that he violated Title II of the ADA.

366.     To the extent Paragraph 364 contains Plaintiffs' interpretation of law, Defendant refers to, and incorporates into its response, the actual statutory language of Title II of the ADA,

42 U.S.C. § 12132. Otherwise, as these allegations do not pertain to this Defendant, no response is necessary. However, to the extent a response is deemed required, Defendant denies that he violated Title II of the ADA.

367.     As the allegations in Paragraph 367 do not pertain to this Defendant, no response is necessary. However, to the extent a response is deemed required, Defendant denies that he violated Title II of the ADA.

368.     As the allegations in Paragraph 368 do not pertain to this Defendant, no response is necessary. However, to the extent a response is deemed required, Defendant denies that he violated Title II of the ADA.

## F.     DENIAL OF ACCESS TO COURTS AGAINST DEFENDANTS CHODY, WILLIAMSON COUNTY AND NASSOUR

369.     Defendant incorporates by reference his responses to the previous allegations.

370.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 370 of Plaintiffs' Complaint.

371.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 371 of Plaintiffs' Complaint.

372.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 372 of Plaintiffs' Complaint.

373.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 373 of Plaintiffs' Complaint.

374.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 374 of Plaintiffs' Complaint.

375.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 375 of Plaintiffs' Complaint.

376.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant denies the allegations contained in Paragraph 376 of Plaintiffs' Complaint.

377.     Subject to Defendant's pending Partial Motion to Dismiss Pursuant to Rule 12 (b)(1), Defendant admits Plaintiffs have brought this claim under 42 U.S.C. § 1983 but denies that he violated 42 U.S.C. § 1983.

## V.
## DAMAGES

378.     Defendant admits the allegations contained in Paragraph 378 of Plaintiffs' Complaint.

379.     Defendant incorporates by reference his responses to the previous allegations.

380.     Defendant denies the allegations contained in Paragraph 380 of Plaintiffs' Complaint.

381.     Defendant denies that Plaintiffs are entitled to any of the relief they seek.

382.     Defendant denies that Plaintiffs are entitled to any of the relief they seek.

383.     Defendant denies that Plaintiffs are entitled to any of the relief they seek, including attorney's fees.

384.     Defendant denies that Plaintiffs are entitled to punitive damages as alleged in Paragraph 384 of Plaintiffs' Complaint.

## VI.
## JURY DEMAND

385.     Defendant also requests a jury trial.

## VII.
## PRAYER FOR RELIEF

386.     Defendant denies that Plaintiffs are entitled to the relief they seek in Paragraph 386, including its subparts 1) - 6).

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant makes the following specific denials, affirmative defenses and/or defenses:

1.      Defendant affirmatively pleads that there is no causal connection between the allegations against Defendant and the injury of which Plaintiffs complain.

2.      Plaintiffs' claims are barred by the doctrines of sovereign and governmental immunity.

3.      Defendant denies that he violated 42 U.S.C. § 1983, the Fourth and/or Fourteenth Amendments of the U.S. Constitution.

4.      Defendant affirmatively pleads the affirmative defense of qualified immunity.

5.      Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiffs' alleged damages.

6.      Defendant affirmatively pleads and denies that Defendant committed wrongful acts and/or omissions that were wanton, malicious and done with the specific intent to deprive Ambler of his rights.

7.      Defendant affirmatively pleads that the acts complained of by Plaintiffs were not caused by any constitutionally deficient official policy, custom, or practice of Defendant Williamson County.

8.      Defendant affirmatively pleads that Defendant did not violate clearly established law or statutory or constitutional rights of which a reasonable person would have known, and at all times, such person's conduct was objectively reasonable.

9.     Defendant affirmatively pleads that Plaintiffs have failed to state a claim upon which relief can be granted.

10.     Defendant affirmatively pleads that he is entitled to the defense of qualified immunity, and affirmatively pleads that on the occasion in question, he acted without malice, without an intent to deprive Plaintiffs of any legally protected rights, with a reasonable good faith belief that his actions were lawful and proper and within and pursuant to the scope of his discretionary authority.

11.     Defendant affirmatively pleads that no act or omission on his part proximately caused any of Plaintiffs' alleged injuries or damages.

12.     Defendant denies that Plaintiffs are entitled to punitive damages.

13.     Defendant affirmatively pleads that Plaintiffs must (but have not) establish capacity and standing to represent Ambler's estate in this lawsuit.

14.     Defendant affirmatively pleads that Plaintiffs must (but have not) establish that they are proper wrongful death beneficiaries.

15.     Defendant denies violating Plaintiffs' or Ambler's constitutional and/or statutory rights.

16.     Defendant denies that excessive force was used against Ambler.

Defendant reserves the right to amend his affirmative defenses.


WHEREFORE, PREMISES CONSIDERED, Defendant, Robert Chody, prays that judgment be rendered, that Plaintiffs take nothing by this suit and that Defendant be permitted to go hence without delay and recover his costs and attorney's fees in his behalf expended, and for

such other and further relief, general and specific, legal and equitable, to which Defendant may be

justly entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
*abarreneche@drmlawyers.com*
**D. RANDALL MONTGOMERY**
 **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR DEFENDANT
ROBERT CHODY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on this the 21st  day of April, 2021.

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**