**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAVIER AMBLER, SR., and MARITZA AMBLER, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the ESTATE OF JAVEIR AMBLER, II, and as next friends of J.R.A., a minor child; and MICHELE BEITIA, as next friend of J.A.A., a minor child** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 1:20-cv-1068** |
| | § | |
| **Plaintiffs,** | §<br>§ | |
| **v.** | §<br>§ | |
| **WILLIAMSON COUNTY, ROBERT CHODY, JAMES "JJ" JOHNSON, ZACHARY CAMDEN, MICHAEL NISSEN, CITY OF AUSTIN, and JASON NASSOUR,** | §<br>§<br>§<br>§<br>§ | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT WILLIAMSON COUNTY'S MOTION TO STAY PROCEEDINGS PENDING STATE CRIMINAL PROSECUTIONS**

**I.     Summary of the Argument**

Defendant Williamson County ("WilCo") argues that this Court should stay this civil matter because four co-defendants have been indicted on charges stemming from the death of Javier Ambler. In support of its position, Defendant WilCo asserts, against Fifth Circuit precedent, that it expects its indicted co-defendants to make blanket invocations of their Fifth Amendment rights against self-incrimination if "forced" to respond to any discovery in this case. The balancing of affected interests applied by the Fifth Circuit in determining if a stay is appropriate weighs in favor of Plaintiffs. Accordingly, Defendant WilCo's motion to stay should be denied, and the parties should move forward with discovery in this matter.

## I. Factual Background

Mr. Ambler was killed in the early morning hours of March 28, 2019, after a 20-minute pursuit by Defendants Johnson and Camden recorded by Live PD cameramen. Despite the footage of the deputies killing Mr. Ambler, the public did not learn the details of his death until more than a year later, when the Texas Attorney General ruled that the Williamson County Sheriff's Office had no legal grounds to withhold internal affairs records of Mr. Ambler's death from local journalists. *See* Exhibit A.[1] The journalists were made aware of the matter by investigators who were frustrated by the Sheriff's Office's refusal to provide information.[2] One week after the Attorney General's ruling, George Floyd was killed in Minneapolis. Two weeks after Mr. Floyd's death, local television station KVUE and the *Austin American-Statesman* obtained Austin Police Department bodycam footage of Mr. Ambler's death and released it to the public for the first time.[3] The next day, Live PD producers admitted that their footage of Mr. Ambler's death had been destroyed. The following day, A&E Network, in response to the backlash to this revelation, ended production of Live PD, one of the top-rated shows in television.

Defendants Chody and Nassour were indicted in Williamson County in September 2020 under Texas Penal Code § 37.09, Tampering With or Fabricating Physical Evidence, a third-degree felony, in connection with the destruction of the Live PD videotape of Mr. Ambler's death. *See* Dkts. 56-1, 56-3. Plaintiffs filed their complaint in this case in October 2020 against Defendant WilCo and amended the Complaint in March 2021, adding Defendants Chody, Johnson, Camden,

---

[1] Downloaded from Tony Plohetski, *"I can't breathe!" Video released from 2019 death of Austin-area black man in deputies' custody*, KVUE (Jun. 8, 2020 2:12 PM), https://www.kvue.com/article/news/investigations/defenders/javier-ambler-death-investigation-williamson-county-sheriffs-live-pd/269-9065fe1e-bb16-439f-a008-fa74f741d5b4.

[2] *Id.*

[3] *Id.*; *see also,* Tony Plohetski, *Austin-area police chase ends in death as 'Live PD' cameras roll*, AUSTIN AMERICAN-STATESMAN (Jun. 8, 2020 2:04 PM), https://www.statesman.com/story/lifestyle/public-safety/2020/06/08/austin-area-police-chase-ends-in-death-as-lsquolive-pdrsquo-cameras-roll/43273631/.

Nissen, City of Austin, and Nassour. Dkts. 1, 44. In March 2021, Defendants Johnson and Camden were indicted in Travis County for manslaughter under Texas Penal Code § 19.04, a second-degree felony. *See* Dkts. 56-5, 56-6. Defendants Chody and Nassour were indicted a second time for their actions in Travis County. Dkts. 56-2, 56-4. Plaintiffs and Defendant WilCo exchanged initial disclosures in January 2021 and one set of document production in March and April 2021; no depositions have been scheduled in this case and no further discovery has been completed. Defendant WilCo filed its motion to stay case pending criminal prosecutions on April 27, 2021. Dkt. 56.

## II.    Argument and Authorities

"There is no constitutional, statutory, or common law rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings." *Duncan v. Banks*, No. SA-15-CV-148-XR, 2017 U.S. Dist. LEXIS 176350, *4 (W.D. Tex. Oct. 24, 2017). Indeed, "[i]t is the rule, rather than the exception that civil and criminal cases proceed together." *United States ex rel. Gonzalez v. Fresenius Med. Car N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (internal quotation omitted). A complete stay of a civil action until related criminal proceedings conclude is considered "an extraordinary remedy." *Alcala v. Webb Cnty., Tex.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009). "In the proper case, the trial judge should use his discretion to narrow the range of discovery" rather than grant a stay. *Id.* (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). "Whether the issues in civil and criminal actions are related demands a common-sense, fact-bound analysis." *Gonzalez*, 571 F. Supp. 2d at 762 (internal quotation omitted). District courts in the Fifth Circuit balance the defendant's interests in adequately defending themselves in both the civil and criminal cases through the invocation of their Fifth Amendment rights, the plaintiff's interests in timely resolution of their civil claims, the court's interests in docket management and

judicial efficiency, and the interests of the public and third parties when deciding whether to grant a stay. *Alcala*, 625 F. Supp. 2d at 398-99 (collecting cases). To show that a stay is appropriate, Defendant WilCo "must make a strong showing" that the civil and criminal proceedings will so overlap that "either (1) [its indicted co-defendants] cannot protect [them]selves in the civil proceeding by selectively invoking [their] Fifth Amendment privilege, or (2) effective defense of both the criminal and civil cases is impossible." *Id.* at 401.

### A. *Defendant WilCo says its co-defendants will improperly assert a blanket invocation of Fifth Amendment rights and fails to show that proceeding would harm its own rights against self-incrimination.*

Defendants' interests are given abundant consideration when determining whether to stay a parallel civil case. "The first and most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775-76 (W.D. Tex. 2016). While Defendant WilCo emphasizes this factor, the overlap between the issues in its co-defendants' criminal indictments and Plaintiffs' case is far more limited than Defendant WilCo represents. Further, Defendant WilCo fails to assert that proceeding in the civil case would in any way harm its own rights. As it relates to Plaintiffs' counts against Defendant WilCo, the indictments of Defendants Camden, Johnson, Chody and Nassour are only relevant in that they overlap with singular allegations contained therein. Plaintiffs' § 1983 *Monell* and ADA claims concern policies that are the moving force behind Mr. Ambler's death. These claims look to the state of affairs in Williamson County leading up to Mr. Ambler's death and will not implicate Defendants Chody and Nassour's Fifth Amendment rights regarding their actions *after* Mr. Ambler's death. The criminal evidence tampering indictments are related to one question of fact within Plaintiffs' access to courts claim. Further, the actions of Defendants Johnson and Camden only overlap with the indictment in the hands-on actions of the officers, not the years of formal

and informal policy that Plaintiffs argue caused the actions. Yet Defendant WilCo asks this Court to stay the full civil proceedings against it because its co-defendants will "*potentially* invoke their right against self-incrimination" under the Fifth Amendment if "forced" to testify in this civil case prior to the conclusion of their criminal cases. Dkt. 56 at 3 (emphasis added).

"Under Fifth Circuit law, a blanket invocation of the Fifth Amendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process." *Duncan*, 2017 U.S. Dist. LEXIS 176350 at *5 (internal quotation omitted). "[A] party to a civil case must selectively invoke his Fifth Amendment right as to specific inquiries, and the court then determines whether to sustain the privilege with respect to each inquiry." *Id.* at *12. "Even where a party has a legitimate claim of privilege with respect to certain questions or lines of inquiry, that person may not be entitled to invoke his privilege to remain totally silent." *SEC v. First. Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). "A party is not entitled to decide for himself whether he is protected by the fifth amendment privilege[;]" instead, the propriety of invoking the Fifth Amendment "is for the court to decide after conducting a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded." *Id.* "The movant should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting his interests are insufficient." *Gonzalez*, 571 F. Supp. 2d at 764.

Defendant WilCo did not make a specific showing in its motion regarding which of Plaintiffs' lines of inquiry would cause its co-defendants to invoke the Fifth Amendment. Instead, it asserts that its co-defendants *may* assert a blanket privilege against self-incrimination without any showing of the insufficiency of other methods to protect their interests, despite agreeing to a Joint Motion for Protective Order with Plaintiffs. Dkt. 35, order entered Dkt. 39. This Protective

Order allows the parties to designate documents, including discovery responses and deposition transcripts, as under seal and maintains confidentiality after the completion of this litigation. Dkt. 39 at 8-9.

The amount of overlap between the civil allegations against Defendant WilCo and the criminal charges against Defendants Camden, Johnson, Chody and Nassour is "further reduced by the fact that the prosecutor in the criminal case, namely the State of Texas, is not a party to the civil action. In fact, the potential for prejudice to a criminal defense is diminished where private parties…are the plaintiffs in the civil action." *Alcala*, 625 F. Supp. 2d at 402. The "special danger that the government can effectively undermine rights that would exist in a criminal investigation by conducting a de facto criminal investigation using nominally civil means" is significantly less when private plaintiffs bring the parallel civil case, because government prosecutors do not have "an opportunity to escalate the pressure on defendant[] by manipulating simultaneous civil and criminal proceedings, both of which it controls." *Id.* (internal quotations omitted). Because the Plaintiffs are private parties, uninvolved with the criminal cases, "there is no reason to assume that Plaintiffs' civil case is simply a stalking horse for the government's criminal inquiry, rather than a good faith effort to obtain compensation for their own private injuries." *Id.* at 402-03 (cleaned up). Further, "it is not unconstitutional to force civil defendants to choose between the negative inferences drawn from their silence in a civil case and their Fifth Amendment privilege." *Gonzalez*, 571 F. Supp. 2d at 764. Defendant WilCo has not shown at all, much less made the requisite "strong showing," that it or its co-defendants would be unable to protect themselves in this civil proceeding by selectively invoking the Fifth Amendment, nor that invoking the Fifth Amendment in discovery would jeopardize their defense in either case. Defendant WilCo's concern that its co-defendants may invoke the Fifth Amendment, even selectively, does not weigh in favor of a stay.

### B. The status of the criminal cases against Defendant WilCo's co-defendants weigh in favor of Plaintiffs.

Defendants Chody and Nassour were indicted in Williamson and Travis Counties only under Texas Penal Code § 37.09, Tampering With or Fabricating Physical Evidence; Defendants Camden and Johnson were indicted in Travis County for manslaughter under Texas Penal Code § 19.04. Defendant WilCo announces in its motion to stay that it expects its co-defendants to plead not guilty. Dkt. 56 at 3. Trial dates have not yet been set for any of the indictments against Defendants Chody, Nassour, Camden and Johnson. Presumably, should these trials end in convictions, Defendants will appeal the outcomes. "The Texas Court of Criminal Appeals has repeatedly held that a judgment of conviction is not final while the conviction is on appeal." *Beans*, 220 F. Supp. 3d at 776 (internal quotation omitted). While "the strongest case for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter…even after an indictment has issued, courts are generally split as to the propriety of granting a stay." *Alcala*, 625 F. Supp. at 401 (internal quotations and citations omitted).

While Defendant WilCo argues that this factor also weighs in favor of a stay, it only cites generally to the fact that "Texas law recognizes a right to a speedy trial" to support its assertion. Dkt. 56 at 7. Even considering the right to a speedy trial, Defendants could be entangled in their criminal cases for years. Further, Texas Supreme Court Chief Justice Hecht has estimated that the COVID-19 pandemic caused an at-least three-year backlog of criminal cases.[4] Defendant WilCo's motion to stay based solely on its co-defendants' indictments is not sufficient to stay this entire civil case. This also weighs against a stay.

---

[4] Chuck Lindell, *Texas courts facing growing backlog of cases amid COVID-19 pandemic, judges warn*, AUSTIN AMERICAN-STATESMAN (Feb. 11, 2021 5:29 PM), https://www.statesman.com/story/news/2021/02/11/texas-supreme-court-judges-covid-backlog-grim-news-pandemic/6726568002/ ("We've tried roughly 200 cases to verdict during the pandemic. In 2019, we tried about 9,000 cases to verdict…We've gone from 180-some cases a week to four.").

### C. *Plaintiffs will be severely prejudiced by further delay in this case.*

In parallel civil and criminal cases "there is a strong presumption in favor of discovery" in the civil case, "and it is the party who moves for a stay that bears the burden of overcoming this presumption." *Id.*at 397-98. Similar to *Alcala*, where the civil case involved the culture of wrongdoing in a government office, "if information exists as to the alleged culture or environment" at the Williamson County Sheriff's Office, "it will most likely have to be elicited through written interrogatories and oral depositions…of others who took part in or witnessed any liability-creating transaction." *Id.* at 405. "Because such information is couched in memory, the integrity of this information is in danger of degrading over time" *Id.* Here, considerable time has elapsed since the events that gave rise to this suit. Because a large amount of the "evidence in this case will consist of witness testimony, continued delay will only serve to further prejudice Plaintiffs' ability to obtain discovery," *id.,* regardless of whether there has been some amount of document exchange between Plaintiffs and Defendant WilCo. Document production with a single defendant is not sufficient to assuage the severe prejudice to Plaintiffs that granting a motion to stay and cutting off discovery with Defendant WilCo's co-defendants would elicit.

Indeed, the pending criminal charges against Defendants Chody and Nassour are for evidence tampering in this case, specifically the alleged destruction of the videos filmed by two Live PD cameramen of Mr. Ambler's death and the moments leading up to it, likely the best available evidence for Plaintiffs. The prejudice to Plaintiffs is more than mere delay, and is no longer potential, unlike the potential prejudice facing Defendants. Evidence has been destroyed in this case by Defendant WilCo's policymaker and general counsel, prejudicing Plaintiffs from the start. The equities here—where Defendants Chody and Nassour have likely already placed very important evidence beyond Plaintiffs' grasp—weigh heavily against rewarding them with any stay,

much less the blanket stay requested by Defendant WilCo. Plaintiffs' interests in expeditious discovery in this case weigh against a stay.

### D. The interests of this Court, the public, and third-parties also weigh against a stay pending the criminal indictments of Defendant WilCo's co-defendants.

"In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy." *Gonzalez*, 571 F. Supp. 2d at 765. "Considering judicial efficiency, a court must analyze the extent to which the outcome of the criminal proceeding would simplify the issues in the civil proceeding[;…] considering judicial expediency, a court has an obligation to move its docket, and not let cases languish before it." *Duncan*, 2017 U.S. Dist. LEXIS 176350 at *13-14. "A policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes with judicial administration." *Gonzalez*, 571 F. Supp. 2d at 765 (internal quotations omitted). Taken in aggregate, Defendants WilCo, Chody, Johnson, and Camden ask this Court to stay this case pending six criminal indictments and related appeals, across two counties with no trial dates set in any of the cases, when most issues are only in small part related to Plaintiffs' claims against them. Dkts. 54, 56, 58, 59. Given the at-least three-year criminal case backlog in Texas, Defendants are asking this Court to let this case sit idle on its docket for a lengthy and unspecified amount of time, further delaying Plaintiffs' ability to seek justice, which Defendants Chody and Nassour have already intentionally prejudiced. The results of these criminal cases would not simplify the issues in this civil proceeding enough to justify allowing several years to pass before discovery even begins. Specific to Defendants Chody and Nassour, there is only a chance—certainly no guarantee—that the outcomes of the four criminal cases against them *might* clarify one question of fact in one of three claims to which Defendant WilCo is a party. The chances that the outcomes of the criminal cases against Defendants Camden and Johnson will clarify the issues before this court are even smaller. This Court has an interest in

moving this case forward, even if there is "a possibility that the Court will have to rule on selective claims of Fifth Amendment privilege and objections to specific information requests during the discovery process." *Alcala*, 625 F. Supp. 2d at 406. This too weighs in favor of denying Defendant WilCo's motion to stay.

The final consideration for courts in ruling on a motion to stay are the public and third-party interests at stake. "The public has simultaneous interests in the resolution of civil cases with minimal delay, prosecuting criminal cases, and in maintaining the integrity of criminal defendants' constitutional rights." *Duncan*, 2017 U.S. Dist. LEXIS 176350 at *14. This factor weighs in favor of a stay "where denying a stay risks endangering a defendant's Fifth Amendment rights and granting a stay will not significantly delay this case." *Bean*, 220 F. Supp. 3d at 778.

As discussed, there is minimal danger that allowing this case to proceed would endanger the integrity of Defendant WilCo's co-defendants' rights to invoke the Fifth Amendment in either the criminal or civil cases. Conversely, granting a stay will assuredly cause significant, even years-long, delay. The public has an above-average interest in resolution of this civil case due to the national attention on policing and the pressure required to bring to light details of Mr. Ambler's death. There has been substantial coverage of Mr. Ambler's death in local and national news. The public also has an interest in confidence in local law enforcement. The public generally, and the citizens of Williamson County and the City of Austin in particular, have an interest in how law enforcement officers in their communities conduct themselves when interacting with members of the public. There is also considerable public interest in determining whether municipal policies or customs encourage police misconduct. This final consideration also weighs against granting a stay.

### III. Conclusion

Defendant WilCo has failed to overcome the strong presumption in favor of discovery in parallel civil cases, or make the strong showing that proceeding in this parallel civil case would so burden Defendants Chody and Nassour as to make their criminal and civil defenses impossible. Accordingly, Plaintiffs respectfully request that this Court deny Defendant WilCo's motion to stay pending criminal prosecutions and allow Plaintiffs to move forward to discovery in this matter.

Respectfully submitted,

By: /s/ Ian Fallon_____

Antonio M. Romanucci (*pro hac*)
(IL No. 6190290)
Bhavani Raveendran (*pro hac*)
(IL No. 6309968)
Ian P. Fallon (*pro hac*)
(IL No. 6332303)
**ROMANUCCI & BLANDIN LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
Tel:     (312) 458-1000
Fax:     (312) 458-1004
aromanucci@rblaw.net
braveendran@rblaw.net
ifallon@rblaw.net

Ben Crump (*pro hac pending*)
(Washington, D.C. Bar No. 1552623)
**BEN CRUMP LAW**
717 D Street N.W., Suite 310
Washington, D.C. 20004
Phone: 800-859-9999
Fax: 800-770-3444
ben@bencrump.com

**ATTORNEYS FOR PLAINTIFF MICHELE BEITIA, FOR J.A.A.**

JEFF EDWARDS
State Bar No. 24014406
SCOTT MEDLOCK
State Bar No. 24044783
DAVID JAMES
State Bar No. 24092572
**EDWARDS LAW**
1101 East 11th Street
Tel. 512-623-7727
Fax. 512-623-7729
jeff@edwards-law.com
scott@edwards-law.com
david@edwards-law.com

**ATTORNEYS FOR PLAINTIFFS JAVIER AMBLER, SR., MARITZA AMBLER, AND J.R.A.**