# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER AMBLER, SR. and MARITZA AMBLER, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the estate of JAVIER AMBLER, II, and as next friends of J.R.A. a minor child; and MICHELLE BEITIA, as next friend of J.A.A. a minor child, *Plaintiffs* | § § § § § § § § § § | |
| v. | § § | Case No. 1:20-cv-1068-LY |
| MICHAEL NISSEN and CITY OF AUSTIN, *Defendants* | § § § § | |

## ORDER

Before the Court are Plaintiffs' Motion to Compel Responses to Interrogatories and Requests for Production from Defendant City of Austin, filed October 6, 2022 (Dkt. 124); Defendant City of Austin's Response, filed October 20, 2022 (Dkt. 128); Plaintiffs' Reply, filed October 24, 2022 (Dkt. 129); and the Joint Status Report Regarding Plaintiffs' Motion to Compel Responses to Interrogatories and Requests for Production from Defendant City of Austin, filed by order of the Court on November 17, 2022 (Dkt. 132).[1]

In their Joint Status Report, the parties identify numerous discovery issues raised in Plaintiffs' Motion to Compel that they have resolved. Dkt. 132 at 2. The Court commends the parties for their efforts and addresses the issues remaining in dispute.

---

[1] The District Court referred Plaintiffs' Motion to Compel to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 130.

## I.    Legal Standard

Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## II.    Analysis

### A.  Duty to Supplement

Defendant City of Austin (the "City") represents that it has searched for and produced all documents and information responsive to Plaintiffs' discovery requests within its possession, custody, or control as to all but six of Plaintiffs' requests for production and two interrogatories, and that it "will continue to review and produce any additional responsive information that becomes available." Dkt. 132 at 3. Nonetheless, Plaintiffs "respectfully request that the Court enter an order to that effect, as the City's responses still state generally that they will supplement," stating that they are "particularly concerned about the very threadbare responses" to three discovery requests. *Id.*

While it is unclear precisely what order Plaintiffs seek, it is well-established that parties have an ongoing duty to supplement their discovery responses pursuant to Rule 26(e)(1)(A). *See, e.g.*, *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 374-75 (5th Cir. 2004) ("Rule 26(e) imposes 'a *duty* to supplement or correct [a] disclosure or response to include information thereafter acquired' (emphasis added). The rule is properly invoked to bar evidence when a party fails to make a required supplemental disclosure."). Accordingly, it is unnecessary to order Defendants to continue producing any responsive documents, and Plaintiffs' Motion to Compel is **DENIED** as to the first identified issue.

## B. Interrogatory No. 3

Plaintiffs next ask the Court to compel the City to respond fully and without objection to Interrogatory No. 3:

> **Interrogatory No. 3:** If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiffs in this matter, identify that person or legal entity and describe in detail the basis of said liability.
>
> **Response:** Objection, this request calls for a legal conclusion. Defendant refers to [Doc #53], DEFENDANT CITY OF AUSTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT.

Plaintiffs submit that (1) the City waived its objection due to untimeliness; (2) "the objection is meritless because interrogatories are the appropriate vehicle to request a parties' contentions, including the identity of any other entity the opposing party contends is liable," citing Rule 33(a)(2); and (3) the City's Answer is not responsive to the interrogatory. Dkt. 132 at 4.

Rule 33(a)(2) states, in relevant part:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Magistrate judges have discretion to determine when a party must respond to a contention interrogatory. *Janvey v. Greenberg Traurig, LLP*, No. 3:12-CV-4641-N-BQ, 2019 WL 13175533, at *5 (N.D. Tex. Feb. 12, 2019).

The Court finds that Interrogatory No. 3 "relates to fact or the application of law to fact" and thus is not objectionable under Rule 33(a)(2). *See, e.g.*, *Innovative Comm'cn Sys., Inc. v. Innovative Comput. Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *2-3 (W.D. Tex. July 16, 2014) (stating that contention interrogatories may properly ask for the facts that support an allegation or defense). The City identifies no further discovery that must be completed before it can answer this interrogatory, and its Answer to the Complaint is not responsive; rather, the City merely asserts the affirmative defense of governmental immunity and "denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983 since it is a political subdivision." Dkt. 53 at 20.

Accordingly, Plaintiffs' Motion to Compel is **GRANTED** as to Interrogatory No. 3. The Court hereby **OVERRULES** the City's objection and **ORDERS** the City to respond to Interrogatory No. 3 **on or before December 21, 2022**.

## C. Interrogatory No. 5 and Requests for Production Nos. 51 and 60

Plaintiffs also ask the Court to compel the city to respond fully and without objection to Interrogatory No. 5:

> **Interrogatory No. 5:** Identify every instance in which an individual was punched, kneed, drive stunned, tasered, shot with a less lethal weapon, shot with a firearm, or otherwise injured by an Austin police officer or officers while other Austin Police Department officers were present and did not intervene in the use of force for the period January 1, 2015 to present. For each instance, please identify each officer involved, each officer present, the time and date, the name of the individual that officers used force upon, and the outcome of any IA or SIU investigation into the instance.

4

**RESPONSE:** Objection to the admissibility of the following information as it is beyond the scope of discovery, concerning an event after the incident in question. Nevertheless, Defendant identifies the following as part of its ongoing good faith efforts to fully comply with its discovery obligations.

On March 12, 2021, at 2:04 AM, Officers Katherine Alzola, James DeStaso, and Eric Perez responded to an apartment on Townesouth Circle for a "Nature Unknown – Urgent" call for service. Officers learned that the subject had a warrant for his arrest for Assault With Injury – Family Violence. Officers Perez and DeStaso tried to restrain him, but he resisted and an R2R ensued involving the three officers. A fourth officer arrived on scene and engaged in the R2R by striking the subject's back with his baton. In the struggle Officer Perez was able to completely secure the handcuffs on the subject but did not communicate to the other three officers that he had done so. The fourth officer perceived the suspect to still be resisting and deployed his Taser against him three times while he was handcuffed.

Officers Alzola and Perez were disciplined for several violations, one of which was "Failure to Intercede". Officers Alzola & Perez were each temporarily suspended for 90 days as a result of this incident.

This incident was investigated as IA # 2021-0316, which is being produced in response to requests for production in this case. *See* COA 54245-57054.

Discovery is ongoing and incomplete, this response may be updated as more information becomes available.

Plaintiffs argue that (1) the City waived its objection due to untimeliness; (2) "the objection is meritless because Plaintiffs contend APD failed to intervene to stop excessive force, so this request goes to whether a pattern of similar constitutional violations by APD was known to the policymaker and thus establishes a custom or policy and is therefore well-within the scope of discovery"; and (3) "the City has unilaterally narrowed the request to only those occasions when the City disciplined the officer involved—but this request is targeted for those occasions when the City may have tolerated the misconduct by not disciplining the officer for failing to intervene." Dkt. 132 at 5.

The City responds that "the two incidents identified above are what APD [the Austin Police Department] has found to be responsive to the request." Dkt. 132 at 5. The City further argues that:

incidents where someone has allegations about the failure to intervene are not the same as an event that APD investigates for use of force and whether to intercede. If, for example, the use of force is determined to be reasonable then typically the investigation does not continue into other issues.

*Id.*

Plaintiffs also move to compel the City to respond in full to Requests for Production Nos. 51 and 60:

> **Request for Production No. 51:** Please produce all Special Investigation Unit or Internal Affairs reports concerning any Austin police officer who was alleged to have failed to intervene to stop another officer's misconduct for the period January 1, 2013 to present.
>
> **Response:** *See* documents Bates labeled COA 54245-57054; 57055-60398.
>
> **Request for Production No. 60:** Please produce all documents concerning any incident during the period January 1, 2015 to present in which excessive force was either found or alleged when another APD officer was present and did not intervene. This request includes, but is not limited to, the following categories of documents:
> a.  arrest reports;
> b.  dash camera footage;
> c.  body worn camera footage;
> d.  internal affairs investigations;
> e.  Special Investigation Unit investigations;
> f.  disciplinary records;
> g.  statistical reports, studies, or analyses;
> h.  indictments;
> i.  affidavits of commitment;
> j.  police officer testimony;
> k.  CAD reports;
> l.  response to resistance reports;
> m. electronic mail;
> n.  probable cause affidavits;
> o.  orders of commitment;
> p.  motions to dismiss;
> q.  orders of dismissal; and
> r.  arrest warrants.
>
> **Response:** *See* documents Bates labeled COA 54245-57054; 57055-60398.

Plaintiffs contend that "these responses are incomplete for the same reasons that the response to interrogatory 5 is incomplete." Dkt. 132 at 6. The City contends that its responses are appropriate.

Despite interposing an objection to Interrogatory No. 5, the City has answered that interrogatory and Requests for Production Nos. 51 and 60 and provided information after "the event in question," that is, the death of Javier Ambler, II on March 28, 2019. Dkt. 1 ¶¶ 113, 200. Plaintiffs' Motion to Compel therefore is **DENIED** as to these three discovery requests. Discovery in this case remains open until February 15, 2023 and the City does not contend that Plaintiffs have exceeded the number of interrogatories permitted under Rule 33(a)(1), so Plaintiffs may serve additional interrogatories and document requests further targeting the information they seek if they so choose.

Because the Court has overruled the City's objection to Interrogatory No. 3 and the City responded to Interrogatory No. 5 notwithstanding its objection, the Court in its discretion assumes but need not find that the City's objections are waived as untimely for failure to respond to Plaintiffs' Interrogatories within the 30-day time limit of Rule 33(b)(2). *See, e.g.*, *In re United States*, 864 F.2d 1153, 1156 ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.") (5th Cir. 1989).

### D.  Request for Production No. 19

Finally, the Court **GRANTS IN PART** Plaintiffs' Motion to Compel with respect to Request for Production No. 19:

> **Request for Production No. 19:** Please produce all documents referred to or forming the factual basis for your response to any interrogatory, including any documents used to prepare a response to any interrogatory.
> **Response:** *See* documents Bates labeled COA 50777-51239; 51240-51823 (IA #2019-0294); COA 52149-54244 (SIU #19-5012748).

Plaintiffs ask the Court to compel the City to respond to that request "as to the interrogatories that remain in dispute," while the City contends that its response is appropriate. Dkt. 132 at 5.

Plaintiffs' Motion is **GRANTED** as to Interrogatory No. 3 for the reasons stated *supra*. The City has until **December 21, 2022** to supplement its response to this request for production. As noted, Defendants also have an ongoing duty to supplement their discovery responses with any additional responsive information pursuant to Rule 26(e)(1)(A).

### III.   Conclusion

As detailed above, Plaintiffs' Motion to Compel Responses to Interrogatories and Requests for Production from Defendant City of Austin (Dkt. 124) is **GRANTED IN PART and DENIED IN PART**. The City must **respond fully and without objection to Interrogatory No. 3 and supplement its response to Request for Production No. 19 on or before December 21, 2022**. In all other respects, Plaintiffs' Motion to Compel is **DENIED**.

It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

**SIGNED** on November 21, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE