# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JAVIER AMBLER, SR.** and **MARITZA AMBLER,** individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the estate of JAVIER AMBLER, II, and as next friends of J.R.A. a minor child; and **MICHELLE BEITIA,** as next friend of J.A.A. a minor child, *Plaintiffs* <br><br> v. <br><br> **MICHAEL NISSEN** and **CITY OF AUSTIN,** *Defendants* | Case No. 1:20-cv-1068-LY |

## ORDER

Before the Court are Plaintiffs' Second Motion to Compel Responses to Requests for Production from Defendant City of Austin, filed December 20, 2022 (Dkt. 143); Defendant City of Austin's Response, filed December 28, 2022 (Dkt. 146); and Plaintiffs' Reply, filed January 4, 2023 (Dkt. 151).[1] The Court held a hearing on the Motion to Compel on January 13, 2023.

### A. Background

Javier Ambler II, a 40-year-old Black man who suffered from congestive heart failure and obesity, died after he was pulled over by Williamson County deputies on March 28, 2019. Defendant Austin Police Department Officer Michael Nissen allegedly participated in the use of force against Ambler and ignored his requests for medical help. Ambler's family brings this suit

---

[1] On December 21, 2022, the District Court referred all pending and future nondispositive and dispositive motions in this case to this Magistrate Judge for resolution or Report and Recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C to the Local Rules of the United States District Court for the Western District of Texas, as amended. Dkt. 144.

1

on his behalf against Nissen and the City of Austin ("City") under the Civil Rights Act, 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act ("ADA"). In the First Amended Complaint (Dkt. 44), their live pleading, Plaintiffs allege that Nissen used excessive force against Ambler in violation of the Fourth Amendment to the United States Constitution and was deliberately indifferent to his serious medical need. Plaintiffs also allege that the City is liable for Nissen's use of excessive force under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and intentionally failed to provide Ambler reasonable accommodations in violation of Title II of the ADA.

The undersigned Magistrate Judge granted in part and denied in part Plaintiffs' first motion to compel, pertaining to certain of Plaintiffs' interrogatories and document requests in their first set of requests for production. Dkt. 135.[2] Plaintiffs now move to compel the City to produce documents responsive to their second set of requests for production, comprising Requests 62 through 81. The City opposes the motion, arguing that it would be highly complex to produce the documents requested, and that the City already has made broad production.

### B. Legal Standard

Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Accordingly, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

---

[2] Plaintiffs' objection and motion to reconsider this order is pending before the District Court. Dkt. 137.

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

### C.  Analysis

Plaintiffs challenge five categories of objections by the City in its responses to Plaintiffs' second set of requests for production: (1) what Plaintiffs characterize as boilerplate objections; (2) objections pursuant to Texas Local Government Code § 143.089; (3) discovery in possession of a third party; (4) lawsuits not indicating bystander liability; and (5) events occurring after Ambler's death. The Court addresses each category in turn.

**1. "Boilerplate" Objections: Overbroad, Burdensome, and Beyond the Scope of Discovery**

The City objects to all requests on the grounds that they are "overbroad, unduly burdensome, and exceeds the scope of discovery under FED. R. CIV. P. 26(b)." The City maintains the objections and represented at the hearing that it is withholding no discovery on the basis of these objections.

Plaintiffs' motion is **DENIED** as to the City's objections based on overbreadth, burdensomeness, and exceeding the scope of discovery. However, the City is **ORDERED** to **AMEND** its response to Plaintiff's Second Set of Requests for Production to comply with Rule 34(b)(2)(C) by stating whether any responsive materials are being withheld on the basis of each of its objections.

**2. Texas Local Government Code § 143.089: Requests No. 62-79**

The City objects as follows to Requests Nos. 62-79:

> Defendant further objects to the production of investigative files concerning other Internal Affairs investigations not relevant to this lawsuit on the grounds that Texas Local Government Code §143.089 prohibits disclosure of unsubstantiated claims of misconduct made against police officers except with the individual police officer's written consent.

The Court agrees with Plaintiffs that Texas Local Government Code §143.089 does not apply in federal court. In *Roque v. City of Austin*, No. 1-17-CV-00932-LY, 2018 WL 5848988, at *2 (W.D. Tex. Nov. 7, 2018), the defendant objected to the production of investigative files concerning internal affairs investigations not linked to the lawsuit under § 143.089. The District Court overruled the City's objection, holding that "Federal Rule of Evidence 501 dictates that federal common law, not state law, governs the privileges in federal question cases." *Id.* Judge Yeakel stated that, although federal courts can consider state policies in weighing the government's interest in confidentiality, federal common law ultimately controls the privileges in § 1983 actions filed in federal court. *Id.* (citing *Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 495 (5th Cir. 2005)).

Accordingly, the Court hereby **GRANTS** Plaintiffs' motion and **OVERRULES** the City's objections under Texas Local Government Code § 143.089. The City may designate any appropriate material as confidential under the Protective Order. Dkt. 39.

3. **Discovery in Possession of a Third Party: Requests Nos. 65-74 and 79**

Requests Nos. 65-74 and 79 seek documents the City submitted to Kroll Associates, Inc. concerning incidents between June and November 2019, which formed the basis for a report by Kroll dated January 21, 2022. The City objects to these requests on the grounds that the documents sought are in the possession of Kroll, a third party. The City contends that the burden of obtaining information from Kroll is the same for both parties and should be borne by Plaintiffs. The City

further argues that Plaintiffs' requests are insufficiently specific because they do not "identify names, incident reports numbers, or other identifying information." Dkt. 146 at 4.

Rule 34 permits discovery of documents in the "possession, custody, or control" of the party on which the request is served. As a party to this litigation, therefore, the City must produce documents within its possession, custody, or control. *See Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (rejecting plaintiff's argument that it need not produce documents that were "easily accessible through other means"); *cf. Janvey v. Proskauer Rose LLP*, No. 3:13-CV-0477-N-BG, 2017 WL 11500056, at *8 (N.D. Tex. Dec. 28, 2017) (denying motion to compel where party seeking documents failed to show possession, custody, or control).

At the hearing, the City represented that it has much of the material it provided to Kroll for the report, but that it would be difficult and time-consuming to produce. More specifically, the City represented that APD has (1) the documents it produced to Kroll in "raw" form, meaning that they contain Social Security numbers, dates of birth, and other sensitive information, and (2) the requested videos, except for any that may have been destroyed based on retention policies. Counsel for the City further represented that there were some email communications with Kroll, but he did not know whether they still exist.

The Court is mindful that all the incidents in the Kroll report occurred after Ambler's death and thus are of lower evidentiary value, as discussed below. Nonetheless, the City has not established that production of the requested discovery would impose an undue burden. Accordingly, the Court hereby **GRANTS** Plaintiffs' motion to the extent that the City is **ORDERED** to produce any documents it provided to Kroll Associates, Inc. that are within its possession, custody, or control and responsive to Requests Nos. 65-74 and 79, after a reasonable opportunity for prompt review and redaction as necessary.

### 4. Other Lawsuits Not Indicating Bystander Liability

Although not asserted as an objection in its discovery responses, the City argues that many of Plaintiffs' document requests for use of force incidents involving multiple officers "do not indicate bystander liability," and that: "The mere potential presence of more than one officer is not sufficient." Dkt. 146 at 3, 4, 6. This argument is not persuasive. Discovery is not limited to evidence that is admissible at trial; it also encompasses documents reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The City may not decline to produce the requested documents based on its legal conclusion that the referenced events do not show bystander liability. Whether such evidence bears on Plaintiffs' claim that the City failed to train its officers regarding their "affirmative duty to intervene to stop others from using excessive force," Dkt. 44 ¶ 357, may be a question for the District Court at a later stage of this proceeding. *See Roque*, 2018 WL 5848988, at *5 (stating that evidence of similar misconduct by other officers is relevant and discoverable for § 1983 failure to train claim).

### 5. Events After Ambler's Death: Requests Nos. 62-79

The City objects to producing documents related to any incidents that occurred after Ambler's death on March 28, 2019, asserting that they are not relevant to whether the City was on notice of the use of excessive force by APD officers when Ambler died. The City cites no case law in support of its position. Plaintiffs respond that this discovery is relevant to proving a pattern or practice and the City's deliberate indifference. Plaintiffs also argue that the City has failed to show that the burden of producing this evidence outweighs its relevance.

To determine whether events after Ambler's death are within the scope of discovery, the Court considers decisions in Section 1983 excessive force and supervisory liability cases. To establish municipal liability under Section 1983, a plaintiff must prove (1) an official policy (2) promulgated by the municipal policymaker (3) that was the "moving force" behind the violation of the

6

constitutional right. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An official policy can include written policy statements, ordinances, or regulations, as well as a widespread practice that is "so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). To prove a pattern or practice, the plaintiff must present evidence of "sufficiently numerous *prior* incidents of police misconduct." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989) (emphasis added) (citations omitted). Many courts have questioned the probative value of subsequent conduct to establishing a pattern or practice. *See, e.g.*, *Cano v. Bexar Cnty., Tex.*, 280 F. App'x 404, 406 (5th Cir. 2008) (per curiam) (quoting *Barkley v. Dillard Dept. Stores*, 277 F. App'x 406 (5th Cir. 2008)); *see also Pineda v. City of Houston*, 291 F.3d 325, 329 n.12 (5th Cir. 2002) (affirming summary judgment on § 1983 claims where district court did not consider an incident that occurred after the shooting at issue); *Smith v. City of Wiggins, Miss.*, No. 1:14-CV-26-HSO-RHW, 2015 WL 6872230, at *12 (S.D. Miss. Nov. 9, 2015) (stating that a pattern requires "sufficiently numerous *prior* incidents") (internal quotation marks omitted); *Henderson v. Anderson*, No. H-09-548, 2011 WL 13182873, at *4 (S.D. Tex. Feb. 15, 2011) (stating that evidence of later incidents is not probative), *aff'd*, 463 F. App'x 247 (5th Cir. 2012).

But some courts have reached a different conclusion as to deliberate indifference claims. To establish a failure to train or supervise claim, a plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). A plaintiff may show deliberate indifference by demonstrating that the defendant had "notice of a

7

pattern of similar violations, which were fairly similar to what ultimately transpired." *Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021) (cleaned up).

The Fifth Circuit affirmed summary judgment based on insufficient evidence of a pattern of violations showing deliberate indifference where plaintiffs did not "elicit testimony that City officials were aware of prior shootings of unarmed mentally ill individuals," relying only on testimony that an assistant police chief was "vaguely aware" of two instances in which officers shot mentally ill persons after the decedent was killed. *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010). The court held that "even assuming that these later shootings involved excessive force, they are not sufficient to show that the City was on notice of similar constitutional violations *before* Esparza was killed." *Id.*; *see also Waller v. City of Fort Worth, Tex.*, 515 F. Supp. 3d 577, 587-88 (N.D. Tex. 2021) (stating that a single subsequent incident was insufficient to show a pattern and, because it occurred after the relevant incident, "[i]t could not provide notice anyway"), *aff'd sub nom. Waller v. Hoeppner*, No. 21-10129, 2022 WL 4494111 (5th Cir. Sept. 27, 2022).

Nonetheless, in some cases, subsequent incidents have been probative as to whether a pattern existed at the time of the constitutional violation alleged. For example, in *Sanchez v. Gomez*, No. EP-17-CV-133-PRM, 2020 WL 1036046, at *16 (W.D. Tex. Mar. 3, 2020), where the alleged constitutional violation occurred in 2015, the court considered summary judgment evidence of two incidents the next year. The court distinguished *Valle* as establishing "that a claim may not survive summary judgment when it relies exclusively on future instances." *Id.* The court considered future instances probative: "Thus, the inquiry is nuanced: might the future instances permit a reasonable jury to conclude that any prior instance was part of a pattern, and, if there was such a pattern, could [the police chief] have known a pattern existed at the time of Mr. Salas-Sanchez's death?" *Id.*

Similarly, in *Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2021 WL 1131721 (W.D. Tex. Mar. 24, 2021), the court cited *Sanchez* in denying a motion to exclude an expert opinion that considered later incidents. The court stated that "when a claim presents a mixed bag of events that occurred *before* and *after* the incident at issue—like Plaintiffs do here, the instances that happened *afterwards* could still be probative in determining whether a pattern existed at the time of the incident at hand." *Id.* at 16.

Crucially, the question before the Court is not admissibility of evidence of subsequent events, but whether they are within the broad scope of discovery. The City cites no deliberate indifference precedent foreclosing discovery of evidence of subsequent events.

For these reasons, the Court concludes that the documents Plaintiffs seek concerning incidents after Ambler's death are within the scope of discovery, although their probative value to show deliberate indifference is relatively low. For these reasons, the Court proceeds to weigh the relatively low probative value of such evidence against the burden of its production. *See Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) ("Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party.").

**a. Protest Cases: Requests Nos. 62 and 76**

Request No. 62 seeks documents related to a number of civil lawsuits filed against the City pertaining to protest events in 2020, after Ambler's death.[3] Similarly, Request No. 76 seeks discovery related to criminal cases brought against APD officers arising out of protest events in May 2020. The City objects on the basis that the breadth of Requests Nos. 62 and 76 is "vast," and that "most if not all of the requested documents are available to legal counsel for plaintiff through

---

[3] The City supplemented its production in response to these requests on December 15, 2022.

the discovery process from and as previously produced as part of the COA-General Protest." Dkt. 143-6 at 5, 13.

Incidents used to show a pattern must be sufficiently similar to the constitutional violation alleged. *See Est. of Davis v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (stating that "plaintiff must demonstrate a pattern of abuses, consisting of prior incidents both sufficiently numerous and sufficiently similar and specific to the one resulting in plaintiff's injuries") (internal quotation marks omitted).

The Court finds that documents responsive to these requests lack probative value because the protest events at issue are dissimilar to the circumstances of Ambler's death. The Court therefore **DENIES** Plaintiffs' motion with respect to Request No. 76 and documents related to these cases in response to Request No. 62:

> *Alexander v. City of Austin, et al.*, No. 1:22-cv-50;
> *Avvocato v. City of Austin*, No. 1:22-cv-516;
> *Barton v. Kyu An, et al.*, No. 1:22-cv-221;
> *Campbell v. City of Austin*, No. 1:22-cv-517;
> *Kirsch v. City of Austin, et al.*, No. 1:20-cv-1113;
> *Rodriguez v. City of Austin, et al.*, No. 1:21-cv-1087;
> *Talley v. City of Austin, et al.*, No. 1:21-cv-249;
> *Volter- Jones v. City of Austin, et al.*, No. 1:22-cv-511; and
> *Williams v. City of Austin, et al.*, No. 1:22-cv-42.

**b. Use of Force and Level of Resistance: Request No. 75**

Plaintiffs also move to compel the City to respond in full to Request No. 75:

> Please produce all video recordings, audio recordings, computer aided dispatch system reports, audit logs, response to resistance reports, response to resistance reviews, police reports, incident reports, internal affairs reports, special investigation unit reports, disciplinary records, and communications concerning each of use of force by an APD officer from January 1, 2016 to present where APD classified the subject's resistance as "passive resistance," "no resistance," "verbal resistance," or "defensive resistance" when APD publicly reported that use of force in the aggregate. This request specifically excludes any incident that did not involve either (a) multiple officers present during the use of force or (b) the use [sic] TASER or directed electricity weapon.

The City objects to this request as a "fishing expedition" and asserts that it is "unable to search and sort incidents meaningfully in response to Plaintiffs' request." Dkt. 146 at 5. At the hearing, the City represented that to produce documents responsive to this request, it would have to conduct a hand review of each incident involving two or more officers over the past seven years. The City further represented that an attempt to identify incidents within the stated parameters returned more than 18,000 incidents, and that each incident file would take about a day to download, process, and produce. The Court finds that this burden outweighs the probative value of the requested documents and **DENIES** Plaintiffs' motion as to Request No. 75.

### c. Subsequent Use of Force Incidents: Requests Nos. 64 and 77-78

In these requests, Plaintiffs seek documents concerning the use of force against individuals in three separate incidents in 2020 and 2021. The City objects that they are not relevant because the incidents occurred after Ambler's death. Despite the low probative value of later incidents, the Court finds that the City has not established that the burden of producing the requested documents outweighs its relevance. Plaintiffs' Motion thus is **GRANTED** as to Requests Nos. 64 and 77-78 and the City is **ORDERED** to produce documents responsive to those requests.

### 6. Office of Police Oversight Memorandum: Requests Nos. 80-81

Plaintiffs' final two requests seek documents related to an Office of Police Oversight memorandum dated April 15, 2021. At the hearing, the City represented that "we're really not arguing about producing Office of Police Oversight documents. I just think we've already produced them. But if I'm mistaken, I don't think we'll have any problem producing them." Counsel later clarified that he could not represent that all responsive emails have been produced. Because the City appears to have no objection to producing any remaining responsive documents, Plaintiffs' Motion is **GRANTED** as to Requests Nos. 80 and 81 and the City is hereby **ORDERED** to produce documents responsive to these requests.

### D. Conclusion

Ambler Plaintiffs' Second Motion to Compel Responses to Requests for Production from Defendant City of Austin (Dkt. 143) is **GRANTED IN PART and DENIED IN PART,** as explained in detail above.

The Court **ORDERS** the City to amend its response to Plaintiff's Second Set of Requests for Production by stating whether any responsive materials are being withheld on the basis of each objection **on or before February 10, 2023**.

The Court **FURTHER ORDERS** the City to produce any documents responsive to Plaintiff's Second Set of Requests for Production, as ordered above, **on or before February 24, 2023**.

**SIGNED** on January 26, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE