# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JAVIER AMBLER, SR.** and **MARITZA AMBLER**, individually, on behalf of all wrongful death beneficiaries of JAVIER AMBLER, II, on behalf of the estate of JAVIER AMBLER, II, and as next friends of J.R.A. a minor child; and **MICHELLE BEITIA**, as next friend of J.A.A., a minor child,<br>　　　　　*Plaintiffs*<br><br>　v.<br><br>**MICHAEL NISSEN** and **CITY OF AUSTIN**,<br>　　　　　*Defendants* | Case No. 1:20-cv-1068-LY |

## O R D E R

Now before the Court are Plaintiffs' Unopposed Motion to Seal Exhibits in Support of Plaintiffs' Response to Defendant Nissen's Motion for Summary Judgment (Dkt. 185) and Plaintiffs' Unopposed Motion to Seal Exhibits in Support of Plaintiffs' Response to Defendant City of Austin's Motion for Summary Judgment (Dkt. 188), both filed May 5, 2023, and the associated response and reply briefs.[1]

## I.   Background

Javier Ambler II died in law enforcement custody after a car chase. His family ("Plaintiffs") brings this suit against Defendants the City of Austin and Austin Police Officer Michael Nissen under the Civil Rights Act, 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act.

---

[1] The District Court referred all nondispositive and dispositive motions in this case to this Magistrate Judge for resolution or report and recommendation, respectively, pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C to the Local Rules of the United States District Court for the Western District of Texas. Dkt. 144.

Plaintiffs move to seal eighteen exhibits in support of their responses to Defendants' motions for summary judgment. Plaintiffs state that Defendants designated these exhibits "Confidential," but they disagree with that designation for seventeen of the exhibits.

This Court ordered Defendants to explain why these documents are properly designated "Confidential." Dkt. 194. In their response to Plaintiffs' motions to seal, Defendants argue that only eight of the eighteen exhibits should remain under seal. Dkt. 199 at 2. Those are (1) documents from police Internal Affairs files in which no discipline was issued (Plaintiffs' Exhibits 50, 79, 84, and 106, Dkts. 188-6, 188-9, 188-11, and 188-14); (2) video from the body-worn cameras of two indicted officers whose criminal prosecutions are pending (Plaintiffs' Exhibits 113, 116, and 117, Dkts. 188-16, 188-18, and 188-19); and (3) Ambler's medical records (Plaintiffs' Exhibit 18, Dkt. 188-3).[2] Defendants argue that the exhibits are protected under *Garrity v. New Jersey*, 385 U.S. 493 (1967), and that the balance of the private and public interests weighs in favor of nondisclosure.

## II.   Analysis

Courts must apply a strict balancing test when determining whether a document that is part of the judicial record may be sealed. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) ("The public's right of access to judicial proceedings is fundamental."). The party seeking to seal public records has the burden to show "why the public's presumptive right of access is subordinated." *Id.* at 421.

*Garrity* "prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office." 385 U.S. at 500. Protection under *Garrity* applies if and when the government attempts to use the information against the defendant at trial. *Collins v. Bauer*,

---

[2] Defendants do not seek to maintain under seal Plaintiffs' Exhibits 16 (filed with both responses), 21, 23, 60, 62, 83, 94, 95, 112, and 114. The Court orders that these exhibits shall be filed on the public docket.

No. 3:11-CV-887-B, 2012 WL 253881, at *4 (N.D. Tex. Jan. 27, 2012). The "total prohibition on use provides a comprehensive safeguard, barring the use of compelled testimony as an 'investigatory lead,' and also barring the use of any evidence obtained by focusing investigation on a witness as a result of his compelled disclosures." *Kastigar v. United States*, 406 U.S. 441, 460 (1972) (footnote omitted).

### A. Documents from Internal Affairs Files (Plaintiffs' Exhibits 50, 79, 84, and 106)

The City contends that Exhibits 50, 79, 84, and 106 (Dkt. 188-6, 188-9, 188-11, and 188-14) should remain confidential because they relate to investigations in which officers were not disciplined.

Exhibit 50, a citizen complaint submitted to the Office of Police Monitor concerning a March 17, 2016 incident, does not implicate *Garrity* because it lacks any statements made by an officer during an internal investigation. The Court agrees with Plaintiffs that this document should be filed on the public docket, with redaction of the complainant's identifying information on the first page and signature on the third page.

Plaintiffs point out that the remaining three exhibits concern incidents that occurred more than four years ago in which no criminal proceedings are pending: April 25, 2015 (Exhibit 79); April 22, 2016 (Exhibit 84); and November 18, 2018 (Exhibit 106). *Garrity* does not apply to these documents in this proceeding because they are not being used at criminal trial of the officers who made the statements. The Court finds that Defendants have not carried their burden to show that these records should remain sealed.

### B. Videos from Body-Worn Cameras (Plaintiffs' Exhibits 113, 116, and 117)

Plaintiffs' Exhibits 113, 116, and 117 (Dkts. 188-16, 188-18, and 188-19) are videos from the cameras of Austin Police Officers Jeffrey Teng and James Morgan, who are indicted with criminal prosecution pending. *See* Dkt. 186-111 at 26-27 (Teng indictment), 42-43 (Morgan indictment);

3

Dkt. 200-2 at 3 (February 21, 2022 news story on indictment of Teng and 18 other officers). The videos do not show Ambler's arrest on March 28, 2019; instead, they show police actions during protests more than a year later, which resulted in "twenty ongoing criminal cases against APD officers from that one weekend." Dkt. 186 at 25. Plaintiffs submit the videos in support of the following argument in opposition to the City's summary judgment motion:

> APD's deficiencies with intervention, unnecessary escalation, and excessive force continued for over a year after Ambler's death. In perhaps the most salient moment, on May 29, 2020 and for several days thereafter, the Black Lives Matter, George Floyd, and Michael Ramos protests in Austin resulted in many incidents of violence by police with less lethal kinetic energy projectile weapons, OC spray, and other uses of force—including many incidents of seriously injuring upon [sic] completely innocent protestors by shooting them with bean bag rounds.

*Id.* at 24. The City responds that the video exhibits pertain to criminal proceedings and other ongoing criminal investigations:

> Because of the overriding public interest in the integrity of the pending criminal proceedings against these officers and other officers as well as the ongoing investigation of potential criminal charges against others, the presumption in this case should be in favor of nondisclosure—the public's interest will be better served by awaiting publication of these materials after the public officials have done their work and prosecuted their cases.

Dkt. 199 at 4. Plaintiffs do not dispute that the videos pertain to ongoing criminal proceedings.

One of the cases Defendants cite is *Zadeh v. Robinson*, No. 1:15-CV-598-RP, 2017 WL 532315, at *2 (W.D. Tex. Feb. 9, 2017), in which this Court stated:

> There is a presumption in favor of public dissemination of documents, especially where the issues involve "matters of public concern"—such as government overreaching or police misconduct. *See Guetierrez v. Benavides*, 292 F.R.D. 401, 404-05 (S.D. Tex. 2013) (finding that there is a legitimate interest in public dissemination of "records indicating official misconduct, abuse of power, or constitutional violations"). But when a document contains investigative materials related to an ongoing criminal investigation, the balance shifts in favor of non-disclosure. *See Degen v. United States*, 517 U.S. 820, 827 (1996) (a "court can exercise discretion to manage the civil litigation to avoid interference with a criminal case").

In this civil case of alleged police misconduct, the Court balances the legitimate public interests in both access to the video exhibits and protecting ongoing criminal prosecutions and investigation. The Court is mindful that because the exhibits are filed in support of Plaintiffs' response to the City's motion for summary judgment, this case is at the adjudicative stage, when "the standard for shielding records from public view is far more arduous" than at the discovery stage. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (quoting *Le*, 990 F.3d at 419). The Court proceeds from the presumption that judicial records should not be sealed. *Id.*

As stated, the videos at issue do not show Ambler's apprehension; rather, they portray officers firing on protesters in downtown Austin more than a year later. They come from the body-worn cameras of two Austin police officers with pending criminal prosecutions: Exhibit 113, which is 31 seconds long, is from Teng's camera, while Exhibits 116 and 117 are two versions of the same video from Morgan's camera, in original (38 seconds) and enhanced (58 seconds) versions. The City states that this evidence pertains to the pending criminal prosecutions and continuing criminal investigations of Teng, Morgan, and other unidentified officers.

Considering the facts and circumstances of this case, the Court finds that the public interest in protecting ongoing criminal investigations and prosecutions arising from other alleged police misconduct outweighs disclosure of the three videos at issue in connection with this proceeding. For these reasons, the Court exercises its discretion to order that the "Confidential" designation of the three videos shall remain in place.

## C. Ambler's Medical Records (Plaintiffs' Exhibit 18, Dkt. 188-3)

Plaintiffs do not contest the confidential designation of this exhibit. Dkt. 200 at 1. The Court orders that it shall remain sealed.

### III.     Conclusion

For these reasons, the Court grants in part and denies in part Plaintiffs' motions to seal. Plaintiffs' Unopposed Motion to Seal Exhibits in Support of Plaintiffs' Response to Defendant Nissen's Motion for Summary Judgment (Dkt. 185) is **GRANTED**. Plaintiffs' Unopposed Motion to Seal Exhibits in Support of Plaintiffs' Response to Defendant City of Austin's Motion for Summary Judgment (Dkt. 188) is **GRANTED IN PART and DENIED IN PART**.

The Court **ORDERS** Plaintiffs to file on the public docket a copy of Exhibit 50 with the complainant's identifying information redacted, as directed above.

The Court **ORDERS** the Clerk to file on the public docket the documents at Dkts. 185-1, 185-2, 188-1, 188-2, 188-4, 188-5, 188-7 through 188-15, and 188-17.

The exhibits at Dkts. 188-3, Dkt. 188-6, 188-16, 188-18, and 188-19 remain **SEALED**.

Defendant Michael Nissen moved to seal exhibits in support of his motions to exclude expert testimony, but withdrew the motions. Dkt. 160; Dkt. 162; Dkt. 180. By text order entered May 22, 2023, the Court dismissed the motions to seal as moot. The Court also **ORDERS** the Clerk to file on the public docket the documents at Dkts. 160-1 through 160-5, 162-1, and 162-2.

**SIGNED** on July 6, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE