IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER AMBLER, SR, *individually, on behalf of all wrongful death beneficiaries of Javier Ambler, II, on behalf of the Estate of Javier Ambler, II, and as next friends of J.R.A., a minor child*, et al., § § § § § | | |
| Plaintiffs, § | | |
| v. § | 1:20-CV-1068-DII | |
| MICHAEL NISSEN and CITY OF AUSTIN, § § | | |
| Defendants. § § | | |

## ORDER

Before the Court is Defendant City of Austin's ("the City") motion to stay proceedings pending Defendant Michael Nissen's ("Nissen") interlocutory appeal. (Dkt. 221). Plaintiff Javier Ambler., Sr. ("Plaintiff") opposes the motion. (Dkt. 223). After reviewing the motion, responses and applicable law, the Court will grant the motion to stay.

### I. BACKGROUND

This case concerns the death of Javier Ambler, Jr. ("Ambler") while being detained by Williamson County Police and Austin Police Officer Michael Nissen after a high-speed car chase. (R. & R., Dkt. 206, at 2). Plaintiff brings claims under 42 U.S.C. § 1983 against both Defendants, arguing that Nissen was deliberately indifferent to Ambler's serious medical needs and violated Ambler's Fourth Amendment rights through excessive force. (Am. Compl., Dkt. 44). He alleges that the City of Austin failed to train its officers and failed to enforce its intervention policy. (*Id.*). He also brings claims under Title II of the Americans with Disabilities Act ("ADA"). (*Id.*).

On February 28, 2023, the City and Nissen filed separate motions for summary judgment. (Dkts. 165, 167). On July 31, 2023, United States Magistrate Judge Susan Hightower issued her report and recommendations on the motions for summary judgment, finding that the Court should

1

grant Nissen's motion as to deliberate indifference but deny it in all other respects. (R. & R., Dkt. 206, at 30). In particular, the magistrate judge found that a genuine question of fact existed as to whether Nissen was entitled to qualified immunity for the claims of excessive force and failure to intervene. (*Id.* at 15–17). The magistrate judge also found that questions of fact existed on whether the City failed to enforce its intervention policy and whether it could be liable for violating the ADA. The Court adopted the report and recommendation in full on September 21, 2023. (Order, Dkt. 219).

Nissen appealed the Court's order on September 25, 2023, in which he "submit[ted] that this Court should stay the trial[.]" (Notice of Appeal, Dkt. 220, at 1). On October 2, the City filed the instant motion to stay proceedings pending Nissen's interlocutory appeal. (Dkt. 221). Although the City has not appealed this Court's order, it asks the Court to stay trial until after the Fifth Circuit has decided Nissen's appeal, as the City's liability is intertwined with Nissen's conduct. (*Id.*). Plaintiff opposes the motion, arguing that Nissen's appeal is frivolous because it deals only with questions of facts, and other district courts have held similar appeals in the context of qualified immunity to be frivolous. (Resp., Dkt. 223).

## II. LEGAL STANDARD

An order denying a motion for summary judgment based on qualified immunity is a collateral order capable of immediate review. *Brown v. Strain*, 663 F.3d 245, 248 (5th Cir. 2011); *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996). However, "a district court's order, entered in a qualified immunity case, is not appealable if it simply determines a question of evidence sufficiency." *Naylor v. State of La., Dep't of Corr.*, 123 F.3d 855, 857 (5th Cir. 1997). The divestment of jurisdiction while an interlocutory appeal of immunity is pending "is neither automatic nor absolute" and is contingent upon that appeal being non-frivolous. *Saenz v. Flores*, No. EP-14-CV-244-PRM, 2018 WL 3603111, at *1 (W.D. Tex. June 5, 2018).

Still, the traditional rule that the filing of a notice of appeal divests a district court of jurisdiction "applies with particular force in the immunity context." *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself." *Id.* "'[I]t is effectively lost if a case is erroneously permitted to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending." *Id.*

### III.   DISCUSSION

The threshold question is whether Nissen's appeal is frivolous. If the appeal is non-frivolous, then the case must be stayed against him, and should accordingly be stayed against the City. *See Bevill v. Wheeler*, No. 23-40321, slip op. at 4 (5th Cir. July 26, 2023) (noting that a district court "will usually stay proceedings involving other defendants or entities whose liability may critically depend on facts found as to the potentially immune defendants.").

Instead of arguing that a stay against the City is not warranted pending appeal, Plaintiff contends that the City's motion should be mooted because Nissen's appeal is frivolous. (Resp., Dkt. 223). In general, an order denying the defense of qualified immunity at summary judgment is "a collateral order capable of immediate review." *Brown*, 663 F.3d at 248. If the appeal is frivolous, however, the district court "may certify to the court of appeals that an interlocutory appeal of the denial of a . . . motion is frivolous and then proceed with trial rather than relinquish jurisdiction." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 398 (5th Cir. 2017). Even then, the "rule is a permissive one: the district court *may* keep jurisdiction, but is not required to do so. . . . [S]uch a power must be used with restraint." *Id.* at 400 (emphasis in original) (citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989)).

The basis for Plaintiff's argument is that Nissen's appeal deals exclusively with questions of fact, but only questions of law are appealable. (Resp., Dkt. 223, at 3 (citing *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 490 (5th Cir. 2001)). The Court is skeptical of this argument. Plainly, the report and recommendation did deal with contested factual issues, such as whether Ambler posed a safety threat and whether Nissen should have been aware that Ambler needed medical assistance. (R. & R., Dkt. 206, at 6–18). But the report and recommendation also discusses several legal issues, including the impact of the high-speed car chase on excessive force claims, the requisite notice for Nissen to intervene to stop the use of the second taser, and whether Nissen's restraint violated clearly established law. (*See* Reply, Dkt. 229, at 3–4). The report and recommendation rested on mixed questions of law and fact, and those legal questions are available for Nissen to appeal. (Notice of Appeal, Dkt. 220, at 1–2 (discussing issues to appeal)).

Plaintiff next points to other district court decisions which have certified appeals of qualified immunity as frivolous. (Resp., Dkt. 223, at 4 (citing *Saenz v. Flores*, No. EP-14-CV-244-PRM, 2018 WL 3603111, at *1 (W.D. Tex. June 5, 2018); *Salcido v. Harris Cnty., Tex.*, No. CV H-15-2155, 2018 WL 6618407, at *11 (S.D. Tex. Dec. 18, 2018); *Baker v. Castro*, No. CV H-15-3495, 2018 WL 11354849, at *2 (S.D. Tex. Nov. 27, 2018); *Ramirez v. Abreo*, No. 5:09-CV-189-C, 2011 WL 13233420, at *5 (N.D. Tex. June 15, 2011))).

In *Saenz*, this Court certified an appeal as frivolous where the defendant officer "fired his service weapon at a handcuffed man, nearly naked, bleeding from his head, and lying prostrate in a loading dock," and that such allegations are "supported by video evidence." *Saenz*, 2018 WL 3603111, at *3. It noted that it "borders on absurdity to suggest that, as a matter of law, these facts could not support a finding of liability" for a constitutional violation. *Id.* Here, while the Court found that a question of fact existed as to Nissen's potential excessive force, it is far from "absurd" for him to claim that his actions did not amount to a constitutional violation. Moreover, in *Saenz* the

4

defendant "offered no cases suggesting" that his actions were constitutional. *Id.* Here, Nissen offered extensive briefing on the issue, and cited several cases where courts had affirmed qualified immunity under related circumstances. (Mot. Summ. J., Dkt. 167; Obj., Dkt. 212).

Similarly, the district court in *Salcido* dealt with conduct that was plainly egregious. 2018 WL 6618407, at *11. There the district court detailed extensively why several Fifth Circuit cases had shown that the officers' conduct was excessive, and found that "their argument to the contrary has no merit." *Id.* at *14. Here, several issues raised by Nissen—such as his *Darden*[1] defense and the legal impact of a high-speed car chase on the officers' perceived danger—have some merit, even if this Court disagrees that they warrant summary judgment.

Next, in *Ramirez*, the district court dealt with "an untimely and frivolous appeal in an effort to delay the inevitable" that was also related to a motion for summary judgment that had been filed "in contravention of the Court's" order. *Ramirez*, 2011 WL 13233420, at *1–3. Those circumstances are not present here. Finally, Plaintiff cites *Baker*—a cursory opinion where the district court briefly provided caselaw quotations before concluding that the appeal was frivolous because "of the existence of genuine issues of material fact that must be resolved by a jury." 2018 WL 11354849, at *2. To the extent *Baker* discussed the issue at all, the Court finds it unconvincing as applied to Nissen's appeal. Indeed, Nissen's appeal does not turn on the "genuineness of a fact issue" as the *Baker* court held, but rather on the application of qualified immunity caselaw to Nissen's actions. *Id.* (citing *Melton v. Phillips*, 875 F.3d 256, 261 (5th Cir. 2017)). Nissen has identified non-frivolous legal conclusions that he intends to appeal to the Fifth Circuit. As such, it would be erroneous to maintain jurisdiction over Nissen's case pending appeal. *BancPass*, 863 F.3d at 398.

---

[1] *Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 725 (5th Cir. 2018).

## IV.    CONCLUSION

For the reasons set forth above, the Court declines to certify Nissen's appeal as frivolous. Accordingly, it will **GRANT** the City's motion to stay, (Dkt. 223).

**IT IS THEREFORE ORDERED** that this case is **STAYED** pending the Fifth Circuit's decision in Nissen's interlocutory appeal.

**SIGNED** on October 24, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE